William RONSON, Plaintiff,

v.

The COMMISSIONER OF CORRECTION FOR the STATE OF NEW YORK; Wilson E. Walters, III, Supt. of Ossining Correctional Facility, Defendants.

No. 82 Civ. 7565 (JMC).

United States District Court, S.D. New York.

June 5, 1985.

William Ronson, pro se.

JoAnn M. Becker, Asst. Atty. Gen., New York City, for defendants.

## MEMORANDUM AND ORDER

SHARON E. GRUBIN, United States Magistrate:

Plaintiff William Ronson has renewed his request to take a deposition of Dr. Dyett, who is not a party hereto but allegedly was the physician in charge at the Ossining Correctional Facility ("Sing Sing") before and after the 1983 Sing Sing riots. In a Memorandum and Order dated February 26, 1985 on defendants' motion for summary judgment ("Memorandum"), Judge Cannella ruled that questions of fact remained for trial with respect to plaintiff's claim that he was unconstitutionally deprived of insulin during the riots. Judge Cannella stated that a claim might be proven by a showing "that defendants' willful negligence or deliberate indifference led to the riots and that [plaintiff] was harmed as a result" or "that defendants caused [plaintiff] to be deprived of insulin during the three days of riots and did so with 'shocking disregard' for his needs." (Memorandum at 4–5.) Judge Cannella also denied plaintiff's motion to vacate my Order of December 12, 1984 which denied as moot plaintiff's request to depose Dr. Dyett, but allowed plaintiff leave to renew his motion for pretrial deposition "if he can indicate its relevance to the action as it presently stands." (Id. at 5–6.)

After entry of Judge Cannella's February 26, 1985 Order denying defendants' summary judgment motion, defendants moved for reargument. By Order dated April 4, 1985, Judge Cannella granted this motion and directed the parties to submit memoranda of law on two issues: "(1) what legal standard is to be applied to determine the constitutional rights of an inmate deprived of medical treatment as a result of a prison riot and (2) whether plaintiff's rights were so violated during the Sing Sing riots of January 1983." Judge Cannella also requested submission of relevant affidavits or documentary evidence.

On the present motion, plaintiff contends that unsanitary conditions and limited sick-call were two causes for the riots which "directly relate" to Dr. Dyett. He also contends that Dr. Dyett was the physician in charge during the riots "when medication was refused plaintiff … as well as the refusal of food," that Dr. Dyett knew that certain inmates, like plaintiff, "had terminal ailments that required meals without interruption during the riot" and that "repeated requests" during the riots for insulin and food were "refused." Plaintiff adds that a settlement of the riots occurred at about 4:00 p.m. on January 10, 1983, but that no insulin or food was provided until about 1:00 a.m. the following morning. Plaintiff claims that Dr. Dyett was in a position to advise authorities and that Dr. Dyett's account of the "course of events" and the "advice" he may have given are relevant to this case. In reply to a letter of inquiry from me as to whether plaintiff would be able to pay the costs of deposing Dr. Dyett, plaintiff responded by letter dated April 30, 1985 that it would be impossible for him to proceed at his own expense.

■ Courts have uniformly refused to authorize the expenditure of federal funds to underwrite the discovery costs of an indigent's civil action. See, e.g., Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D.Wis. 1975); Ebenhart v. Power, 309 F.Supp. 660 (S.D.N.Y.1969); see also Moss v. ITT Continental Baking Company, 83 F.R.D. 624, 625–26 (E.D.Va.1979). Moreover, we note that plaintiff has not yet undertaken means available to him that are authorized by the Federal Rules of Civil Procedure to attempt to obtain the information he seeks. For example, he may serve written interrogatories on the defendants pursuant to Fed.R.Civ.P. 33 which may relate to any matter which is relevant to the claims pres-

ently preserved for trial, including any knowledge defendants may have concerning Dr. Dyett's conduct during the riots, Dr. Dyett's responsibilities, any information Dr. Dyett may have given the defendants and any procedures requiring Dr. Dyett to make reports to the defendants or others during and after the riots.

Accordingly, plaintiff's motion to depose Dr. Dyett is denied at this time.

SO ORDERED.