**Ronald DOE and Donald
Doe, Plaintiffs,**

v.

**UNITED STATES of America,
Defendant.**

**No. 84 Civ. 7279(PNL).**

United States District Court,
S.D. New York.

Sept. 19, 1986.

Alden T. Lewis, Jamaica, N.Y., for plaintiffs.

Rudolph W. Giuliani, U.S. Atty., New York City, for defendant; Paul Milmed, Asst. U.S. Atty., of counsel.

LEVAL, District Judge.

Plaintiffs are convicted defendants who bring this action for breach of contract alleging that they had a cooperation agreement with the Government requiring that they be placed in the United States Marshal's Witness Protection Program. The Government denies such an agreement was made. Plaintiffs, who are incarcerated and are proceeding *in forma pauperis,* move for an order directing the defendant to advance stenographic costs of three depositions plaintiffs' attorney wishes to take. Plaintiffs contend that these depositions are "critical to the proper advancement of [their] claim," (Plaintiffs' Memorandum at 1), and that they cannot afford the stenographic expense. Defendant contends that there is no basis for plaintiffs' request and that it is improper to force it to advance such discovery expenses. Plaintiffs' motion is denied.

Litigants generally bear their own deposition expenses initially. The exceptions to this rule are few. While the *prevailing party* in an action may recover certain deposition expenses from the opposing party, including stenographic and transcription costs, *see, e.g.,* 28 U.S.C. § 1920(2), *Cooke v. Universal Pictures Co.,* 135 F.Supp. 480 (S.D.N.Y.1955), Bartell, *Costs and Expenses in Federal Court,* 101 F.R.D. 553, and while a court may in certain instances order a defendant to advance the travel expenses involved in plaintiff's deposing him outside the district where the action is lodged, *see, e.g., Haymes v. Smith,* 73 F.R.D. 572 (W.D.N.Y. 1976), a defendant is not required to advance a plaintiff's stenographic and transcription deposition expenses merely because a plaintiff is unable to pay for such expenses. Indeed such a rule would in effect force defendants to finance much of

their indigent adversary's trial preparation, regardless of the outcome of the case.

The application of this rule is particularly appropriate when, as here, the need for the expenditure sought is doubtful and reasonable, less-costly alternatives exist. Plaintiffs have not shown why a stenographer and transcript are needed to prepare adequately for trial. The discovery purpose of the depositions sought is served if plaintiffs subpoena the necessary witnesses and examine them under oath. By doing so they will learn what the witness's testimony will be. A transcript of the proceedings is an unnecessary luxury. The rules permit the preservation of deposition testimony by tape recordings, *see* Rule 30(b) Fed. R.Civ.P. If it is necessary to preserve an answer of a party, the plaintiffs may also serve written interrogatories.

Nor does the *in forma pauperis* statute, 28 U.S.C. § 1915, require the Government to advance funds for deposition expenses. *See Toliver v. Community Action Commission To Help The Economy*, 613 F.Supp. 1070 (S.D.N.Y.1985) ("[t]here [is] no clear statutory authority for prepayment of discovery costs [pursuant to 1915 or otherwise]"); *Ebenhart v. Power et al.*, 309 F.Supp. 660 (S.D.N.Y. 1969) ("[g]rave doubts exist as to whether § 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery"). The primary purpose of § 1915 is to provide indigent litigants with an opportunity to litigate their claims, *see* 20 C.J.S. Costs § 146 (1940). Compelling the Government to advance deposition costs, particularly when other reasonable alternatives exist, distorts the objectives of the statute. Prepayment of such deposition expenses is not necessary for plaintiffs to litigate their claims effectively.

The authorities on which plaintiffs rely do not support their motion; indeed, they rather suggest the contrary. In *Hayes v. Smith*, 73 F.R.D. 572 (W.D.N.Y. 1976), the court directed defendant to advance the indigent plaintiff's *travel* expenses if plaintiff had to depose him out-side the district where the action was lodged; it did not order the advance of stenographic expenses. In *Sowers v. General Motors Corp.*, 16 F.R.D. 562 (E.D.Pa. 1954), the court ordered the defendant to appear, at his own expense, for plaintiff's deposition in the district where the action was lodged; again, despite plaintiff's indigency, no stenographic costs were advanced. In *Robbins v. Abrams*, 79 F.R.D. 600 (S.D.N.Y.1978), although the court ordered defendant to advance stenographic and translation costs for plaintiff's depositions in Europe, this was only because repeat depositions were necessitated by defendants' bad faith and deceitfulness in earlier depositions.

It is sometimes appropriate to shift or reallocate travel expenses for reasons of fairness. It is a different matter to require a defendant to pay for the plaintiff's transcripts.

Motion denied.