**Ronald NEWSON, Plaintiff,**

v.

**Jimmy N. HARRISON, et al.,
Defendants.**

**No. 81–2235–TUB.**

United States District Court,
W.D. Tennessee, W.D.

March 4, 1988.

---

Ronald Newson, Nashville, Tenn., pro se.

David M. Himmelreich, Deputy Atty. Gen., State of Tenn., Nashville, Tenn., for defendants.

**ORDER ON DEFENDANTS' OBJECTIONS TO MAGISTRATE'S ORDER**

TURNER, District Judge.

On July 9, 1987, the plaintiff, Ronald Newson, filed a Petition for Writ of Habeas Corpus ad Testificandum wherein he requested that the Court issue a writ requiring the Tennessee Department of Corrections officials to bring certain individuals before the Court for the trial to start on August 3, 1987. The trial has since been continued to March 21, 1988 and the petition is being treated as a petition which speaks to the current trial date of March 21, 1988.

The plaintiff's claim which is to be tried is based on 42 U.S.C. § 1983[1] and has been prosecuted in forma pauperis.

The petition seeking production of witnesses was referred to the Magistrate for disposition after the defendants filed a response to the petition.

In their response, the defendants objected to the issuance of the writ with respect to certain non-inmate witnesses: the first is an ex-inmate who lives in Memphis, Tennessee, the Court's seat; the second is an attorney located in Memphis, Tennessee; and the third, a former Southern Prison Minister worker, resides in Minneapolis, Minnesota.

After studying the petition and the defendants' response, the Magistrate, with reference to the request for the issuance of writs for certain witnesses who are not prisoners, noted that writs cannot issue for such witnesses. The Magistrate, however, treated "Mr. Newson's motion as a request that process issue for these non-prisoner witnesses to be served at government expense."

1. This matter originated in this Court upon the filing of a complaint under 42 U.S.C. § 1983 which, although clearly seeking appropriate relief under § 1983, also sought restoration of good time and other matters more in the nature of a writ of habeas corpus.

   Through the history of this case the issues have, by various motions and orders, been narrowed considerably but no order has explicitly dismissed the claim insofar as it seeks habeas corpus relief, although the Court's original order on March 19, 1981 at least implicitly disposed of that portion of the claim.

   The Court notes at any rate that the complaint in no fashion indicates or alleges an exhaustion of state remedies as required and, therefore, is insufficient insofar as the habeas corpus relief is concerned and any such claim should be and is dismissed. This is, therefore, solely a § 1983 claim.

The Magistrate thus concluded that process should issue for Russell Blanchard, an ex-inmate living in Memphis, and Joe Brown, an attorney in Memphis. The Magistrate also denied the request with respect to the witness Michele Little whose address is given as Minneapolis, Minnesota, on the basis that process cannot issue beyond the subpoena jurisdiction of this Court in this, a civil case.

The Magistrate's ruling was entered on the docket sheet on February 9, 1988, and on February 16, 1988 the defendants objected to the Magistrate's Order insofar as it required the issuance of subpoenas for Russell Blanchard and Joe Brown, contending that there is no authority for the United States government to advance witness fees for a prisoner proceeding in forma pauperis under 42 U.S.C. § 1983. In particular, the defendants argue that 28 U.S.C. § 1915 does not authorize the District Court to order the United States to pay such fees, relying upon *Johnson v. Hubbard,* 698 F.2d 286, 289–90 (6th Cir.1983), *cert. denied,* 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260.

Since the payment of such fees is necessary to the validity of the requested subpoenas, the question of whether or not the Court can order the United States to pay such fees is critical to a decision.

In *Johnson v. Hubbard, id.,* the Sixth Circuit Court of Appeals reviewed a civil rights action which had been filed in forma pauperis wherein the plaintiff had submitted a letter to the court indicating that he wished to subpoena twelve witnesses but that he was unable to pay their transportation costs and other fees specified by law. The plaintiff requested that the court pay those fees for him, but was informed by the court that it had no source of money from which to pay such fees.

On the day of the hearing in the District Court in *Johnson,* only one of the plaintiff's witnesses appeared and the trial court dismissed the case for lack of prosecution. On appeal, the plaintiff argued that the District Court had denied him access to the court to prosecute his case and that under 28 U.S.C. § 1915, the court had an obligation to pay the witness fees. The plaintiff insisted that right of access to the courts should encompass [the payment of] witness fees to insure that he can present his case completely to the court. *Johnson, id.* at 289.

The Sixth Circuit held that the right of access to the courts does not extend that far, noting:

> Initially, while a party under certain circumstances is granted the right of access to the courts, we do not feel that such a right requires a court to grant every party a perfect trial in all respects. Witness fees clearly fall in the category of items such as trial transcripts, depositions, and other documents, which the Constitution does not require a court, or in practical terms, the federal government, to pay for at the request of the indigent party. Johnson is not barred from access to the court simply because the court will not or cannot pay for all witnesses to appear.

*Johnson v. Hubbard,* 698 F.2d 286, 289 (6th Cir.1983).

Likewise, the Sixth Circuit held that 28 U.S.C. § 1915 does not require the court in a civil rights action to pay a plaintiff's reasonable witness fees when the plaintiff is declared indigent and unable to pay such costs.

The statute, while authorizing the court to waive certain court fees when a party is declared indigent, provides with respect to witnesses:

> The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

28 U.S.C. § 1915(c).

The Sixth Circuit in *Johnson* noted with respect to 28 U.S.C. § 1915:

> At all times, a court must carefully scrutinize legislation to follow the spirit and meaning of each congressional enactment. Nonetheless, it must remember the proper province of the judiciary is to interpret the laws, not to create them. This concept is especially important

where the construction involves the doctrine of sovereign immunity.

*Johnson v. Hubbard,* 698 F.2d 286, 290 (6th Cir.1983).

Using this careful scrutiny, the *Johnson* court noted that the Congress had failed to amend § 1915 to allow for the payment of witness fees at the time in 1965 when they passed 28 U.S.C. § 1825 which authorized the payment of witness fees by the marshal in certain cases. On this basis, the court concluded in *Johnson* that 28 U.S.C. § 1915 does not provide for the payment by the court of such witness fees. The same rationale applies to the payment of such fees by the "government."

The Eighth Circuit in a slightly different context involving the United States as a party has reached a similar result.

The plain language, statutory context and legislative history of 28 U.S.C. § 1915 convince us that the statute neither expressly nor implicitly authorizes the payment of the witness fees and expenses as ordered by the district court.

*United States Marshals Service v. Means,* 741 F.2d 1053, 1057 (8th Cir.1984).

The dictates of the Sixth Circuit in *Johnson* are compelling in this case. Therefore, the defendants' objections to the issuance of subpoenas for Russell Blanchard and Joe Brown at government expense are sustained and no process shall issue at government expense for said witnesses.