888 F.2d 1386
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Luther Abel NANCE, Plaintiff-Appellant,
v.
Timothy S. KING, Randall Malpass, Willard G. Faircloth,
Jimmy Holland, Landis Lee, Defendants-Appellees.
 No. 88-7286.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 22, 1989.
Decided Oct. 18, 1989.
 
 Luther Abel Nance, appellant pro se.
 James Redfern Morgan, Jr. Womble, Carlyle, Sandridge & Rice, for appellees.
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Luther Abel Nance, a North Carolina inmate, filed this action pursuant to 42 U.S.C. Sec. 1983 alleging that the defendants violated his constitutional rights when they assaulted him following his arrest on burglary charges in August, 1986. Nance proceeded pro se and in forma pauperis in the district court. Judgment was entered for the defendants in accordance with jury verdicts[1] in their favor. Upon a review of the record,[2] we discern no reversible error. Accordingly, we affirm the judgment of the district court.
 
 
 2
 On appeal, Nance argues that the district court erred when it characterized his claim as brought under the fourth amendment rather that the eighth amendment. This argument lacks merit. As Nance had not yet appeared before the magistrate for formal arraignment when he was allegedly assaulted, his excessive force claim was properly construed as a fourth amendment claim. See Graham v. Connor, 57 U.S.L.W. 4513 (U.S. May 15, 1989) (No. 87-6571) (constitutionality of amount of force used to effect arrest properly analyzed under fourth amendment); Tennessee v. Garner, 471 U.S. 1 (1985); Martin v. Gentile, 849 F.2d 863 (4th Cir.1988). The instructions given to the jury at Lee's trial, taken as a whole, accurately reflected the law to be applied to Nance's Sec. 1983 claim.[3]
 
 
 3
 Prior to trial, Nance requested that the district court subpoena three doctors who examined him after the alleged assault to testify as to his physical condition. The court declined to order the issuance of subpoenas for the doctors because Nance indicated that he could not pay the required attendance fees and mileage allowances. See 28 U.S.C. Secs. 1821, 1825. A district court generally has no duty to subpoena witnesses for an indigent litigant who cannot pay the witness fees in civil, non-habeas cases. See Johnson v. Hubbard, 698 F.2d 286 (6th Cir.), cert. denied, 464 U.S. 917 (1983); Newson v. Harrison, 687 F.Supp. 360 (W.D.Tenn.1988); cf. United States Marshals Serv. v. Means, 741 F.2d 1053, 1057 (8th Cir.1984) (court held that 28 U.S.C. Sec. 1915(c) does not require government payment of witness fees and costs for indigent plaintiffs in Sec. 1983 suits).
 
 
 4
 Even assuming that the district court had the authority to subpoena the witnesses sought by Nance without prepayment of witness fees, its failure to do so does not require reversal. Nance fails to indicate how the doctors' testimony could have aided his case. Further, Nance's medical records were introduced at trial, and were examined by the jury.
 
 
 5
 We have reviewed the record and find no reversible error. Nance's remaining contentions on appeal are without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the record and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Two separate trials were held because Nance named previously unknown defendants on the day the trial of defendant Lee was scheduled to commence
 
 
 [2]
 The record on appeal does not contain a transcript of the trial against defendants King, Malpass, Faircloth, and Holland. However, as the record presents no substantial question warranting the production of a transcript at government expense, see 28 U.S.C. Sec. 753(f), we decline to order production of a transcript
 
 
 [3]
 We note that even if Nance's claim could properly have been construed under the eighth amendment, it would not have affected the outcome of Nance's trial because recovery under the eighth amendment is more difficult than under the less onerous standard of reasonableness of the fourth amendment. See Graham, 57 U.S.L.W. at 4517; Whitley v. Albers, 475 U.S. 312 (1986); Martin, 849 F.2d at 868 n. 6