**Arthur E. BADMAN, Plaintiff,**

v.

**Degg STARK, et al., Defendants.**

No. 3:CV–90–2054.

United States District Court,
M.D. Pennsylvania.

Aug. 2, 1991.

Arthur E. Badman, pro se.

Alan R. Boynton, Jr., G. Thomas Miller, Carol Steinour, Harrisburg, Pa., for defendants.

## MEMORANDUM

JOSEPH F. CIMINI, United States Magistrate Judge.

Before the undersigned United States Magistrate Judge is correspondence dated July 25, 1991, to the Clerk of Court from the *pro se* plaintiff in this case, Arthur E. Badman. The *pro se* plaintiff's letter was filed of record on July 29, 1991, as docket item number 22. It raises three (3) questions or issues which warrant judicial attention.

The first matter concerns Plaintiff Badman's statement, that he is "at a loss for understanding the order" which the Magistrate Judge entered on March 26, 1991. The simple solution for compensating Plaintiff's "loss" in this regard would be to refer him to the Background of the March 26th ruling. There the prisoner should find sufficient explanation for this Court's past refusal to direct one or more orders to President Judge Ranck and to Michael D. Suders, Esquire. But, inasmuch as the

Magistrate Judge recognizes Plaintiff Badman's *pro se* status in this civil action, another attempt at an explanation will be made here.

■ Plaintiff appears to want to have certain documents in his possession which are controlled by either the judge or the lawyer, or perhaps by both of them. Plaintiff accordingly seems to desire to "discover" those documents. As he was told in the Background of the Order of March 26, 1991, Plaintiff may utilize the discovery provisions of the Federal Rules of Civil Procedure. Still, asking this Court for an order directing discovery from the President Judge and from the attorney has not been proper. Direct requests for production of documents—in order to inspect, examine, or copy them—are the subject of Rule 34 of said Federal Rules. But, Rule 34 applies only to those who are parties to the civil action. Plaintiff Badman and Defendants Stark, Jones, Longenburger and DeMarco are parties in the case at bar. President Judge Ranck and Attorney Suders are not parties. They accordingly are not subject to requests under Rule 34.

Just as Plaintiff was told, via the Background of the Order of March 26, 1991, he had not caused a subpoena to be issued for court records or anything else. This information likely has brought about the second matter which is presented in the letter to the Clerk of Court, *viz.*: Arthur E. Badman desires to have subpoenas issued, but he does not know how to go about getting them. Plaintiff Badman states that he wants these subpoenas to obtain court records, *etc.*, from the Court of Common Pleas of Northumberland County and from Attorney Suders. What Arthur E. Badman filed on July 29, 1991, shall be construed as the plaintiff's request for issuance of a subpoena *duces tecum* and service of same by the United States Marshal upon President Judge Ranck and upon Attorney Suders. For the reasons to be now stated, the Magistrate shall deny the plaintiff's request and shall enter a Protective Order, F.R.Civ.P. 26(c), that the discovery not be had.

Rule 45 of the Federal Rules of Civil Procedure is on the subject of "Subpoena". Rule 45(b) specifies that a subpoena may command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein. Rule 45(d) pertains to the employment of a subpoena for taking depositions.

■ Plaintiff Badman appears to be correct in wanting to make use of the subpoena under Rule 45 to obtain "Court Records Exc [*sic* ]" from the Northumberland County Court and from his attorney. Provision for production of documents in Rule 34 of the Federal Rules of Civil Procedure does not cover Plaintiff's situation. Discovery under these two Rules differs in two important respects. First, Rule 34 applies only to parties to the lawsuit, while a subpoena under Rule 45 may be served upon both party and non-party witnesses. *Continental Coatings Corporation v. Metco, Incorporated*, 50 F.R.D. 382 (N.D.Ill.1970), at page 384 citing *Cooney v. Sun Shipbuilding & Drydock Company*, 288 F.Supp. 708, 717 (E.D.Pa.1968). Second, while Rule 34 is invoked merely to inspect documents prior to trial, Rule 45 is utilized to compel production of documents for use at depositions or the trial. *Continental Coatings Corporation v. Metco, Incorporated, supra.*

In the case at bar, neither the judge nor the lawyer is a party. Production of documents from a non-party for discovery purposes can be compelled "only by a subpoena duces tecum issued under Rule 45(d)(1). 8 Wright & Miller @ 2108 (1970)." *United States v. Allen*, 578 F.Supp. 468 (W.D.Wis. 1982), at page 472 citing and quoting from *Fisher v. Marubeni Cotton Corporation*, 526 F.2d 1338, 1341 (8th Circuit 1975). Still, regardless whether this plaintiff's reliance upon Rule 45 is correct, the discovery he is seeking should not be had.

Subpoenas must conform to Rule 45(a) which reads, *viz.*:

> **For Attendance of Witnesses; Form; Issuance.** Every subpoena shall be issued by the clerk under the seal of the court, shall state the name of the court and the title of the action, and shall

command the person to whom it is directed to attend and give testimony at a time and place therein specified. The clerk shall issue a subpoena, or a subpoena for the production of documentary evidence, signed and sealed but otherwise in blank, to a party requesting it, who shall fill it in before service.

For use at a deposition, a party would need only make a request to the Clerk of this Court for a subpoena *duces tecum* [1] and fill it in before service as to place, date and time. A common practice has been for the requesting party to allow for the photocopies of the requested records to be produced by mail *in lieu* of the witness' appearance. Although criticized as an abuse at times, this is not an uncommon practice in a "documents deposition" wherein the parties have agreed.

■ The problem posed by Plaintiff Badman's request for issuance and service of a subpoena *duces tecum* stems from the service provision in Rule 45(c). The "plain meaning" of Rule 45(c) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena. *C F & I Steel Corporation v. Mitsui & Company (U.S.A.), Incorporated*, 713 F.2d 494, 496 (9th Circuit 1983). So far, the plaintiff has been silent as to how he proposes to pay for this discovery. His filing on July 29, 1991, has included neither forms nor fees. Fees must be tendered concurrently with subpoenas. *Tedder v. Odel*, 890 F.2d 210 (9th Circuit 1989).

■ Arthur E. Badman does proceed *in forma pauperis* in this litigation. Plaintiff was granted leave so to proceed pursuant to Title 28 United States Code, section 1915. There are specific provisions in Section 1915(c) that the officers of the federal court "shall issue and serve all process, and perform all duties in such cases" and that witnesses shall attend "as in other cases." But, such statutory language does not mean that the *in forma pauperis*

plaintiff's discovery costs either are underwritten or are waived.

■ Unlike Rule 17(b) of the Federal Rules of Criminal Procedure, which provides for the service of subpoenas and the payment of witness fees without cost to an indigent *criminal* defendant, there is no similar provision for the payment of witness fees on behalf of an indigent party in civil actions. *Dortly v. Bailey*, 431 F.Supp. 247 (M.D.Fla.1977), at page 248 citing *Estep v. United States*, 251 F.2d 579, 582 (5th Circuit 1958). There is in Title 28 United States Code, section 1825, an exception to this lack of a provision for the payment of witness fees on behalf of an indigent in civil cases. But, the exception applies only to *habeas corpus* proceedings and to those under Title 28 United States Code, section 2255. *Cf.:* Title 28 United States Code, section 1825(b); *Dortly v. Bailey, supra.* The exception does not apply to Plaintiff's discovery in the case at bar. Again, Section 1915(c) neither authorizes nor requires government payment of witness fees and costs for indigent plaintiffs. *Cf.: United States Marshals Service v. Means*, 724 F.2d 642, 645–46 (8th Circuit 1983). Plaintiff must point to some authority before this Court either directs the Clerk of Court to process his subpoena requests or orders the United States Marshal to serve President Judge Ranck or Attorney Suders and advance them fees and costs.

Instructive here is the decision of the United States Court of Appeals for the Third Circuit in *Boring v. Kozakiewicz*, 833 F.2d 468 (1987), *certiorari denied* 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988). In the *Boring* case the Court of Appeals rejected the plaintiffs' complaint that the district court wrongfully refused to pay for an expert medical witness. *Id.*, page 474. The appellate court was not moved by what was seen as the plaintiffs' "dilemma" in being unable to proceed in the damage suit because of their inability to pay for expert witnesses. *Id.* Recently, the United States Court of Appeals for the Ninth Cir-

---

**1.** A subpoena *duces tecum* is the same as "a subpoena for the production of documentary evidence" described in Rule 45.

cuit cited *Boring v. Kozakiewicz, supra,* in deciding to join "the Third, Sixth, Seventh, and Eighth Circuits in finding no such authorization in [S]ection 1915." *Tedder v. Odel, supra,* page 212.

■ Even if Plaintiff Badman only is seeking to have the "witnesses" turn over the requested court records, and does not command their appearance at a formal deposition, the question of fees and costs remains. The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum. Cantaline v. Raymark Industries, Incorporated,* 103 F.R.D. 447, 452 (S.D.Fla.1984). That the court may order a discovering party to pay the reasonable costs of a non-party's compliance with a subpoena *duces tecum* finds support among said Rules. *Id.*

■ The "discovering party" in the instant civil rights case, is the *in forma pauperis* plaintiff, Arthur E. Badman, who well may be unable to pay the Court of Common Pleas and his lawyer for the records he wants produced. It is possible for a subpoena *duces tecum* to be unreasonable or oppressive, even though the evidence sought to be procured is proved to be thereafter relevant at the trial. *Hecht v. Pro–Football, Incorporated,* 46 F.R.D. 605, 606 (D.D.C.1969). A federal court has inherent power to protect anyone from oppressive use of process, even if no oppression is actually intended. *Id.* It is not likely that Plaintiff Badman desires to burden the potential witnesses, *i.e.,* President Judge Ranck and Attorney Suders. Still, each of these non-party individuals is entitled to have the benefit of this Court's vigilance. Simply stated, before he attempts to subpoena any witnesses to appear for a "documents deposition", Plaintiff Badman should demonstrate that he has made provision for the costs of such discovery. Because he did not so demonstrate in his letter to the Clerk, it is appropriate that the Clerk be ordered to refuse his requests for the issuance of subpoenas and that a Protective Order be entered.

The defendants in *Newson v. Harrison,* 687 F.Supp. 360 (W.D.Tenn.1988), objected to a federal magistrate's order insofar as it had required the issuance of subpoenas for the plaintiff's witnesses. *Id.,* page 361. The defendants were contending that there was no authority for the United States Government to advance witness fees for a prisoner proceeding *in forma pauperis* under Title 42 United States Code, section 1983. *Newson v. Harrison, supra.* In particular, the defendants argued that Section 1915 did not authorize the district court to order the United States to pay such fees, relying upon *Johnson v. Hubbard,* 698 F.2d 286, 289–90 (6th Circuit 1983), *certiorari denied* 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983). *Newson v. Harrison, supra.* The district court in the *Newson* case found the dictates of *Johnson v. Hubbard, supra,* to be compelling; therefore, the defendants' objections to the issuance of subpoenas were sustained. *Newson v. Harrison, supra,* page 362. The district court held that "no process shall issue at government expense for said witnesses." *Id.*

In *Ronson v. Commissioner of Correction for State of New York,* 106 F.R.D. 253 (S.D.N.Y.1985), the plaintiff renewed his request to take the deposition of a non-party physician. The non-party physician allegedly had been a doctor in charge at the prison where the plaintiff was incarcerated. Upon inquiry as to whether he would be able to pay the costs of taking said deposition, the plaintiff informed the court in a letter that it would be impossible for him to proceed at his own expense. Despite the plaintiff's contentions as to the relevancy and the need for such discovery, his motion to take the physician's deposition was denied. *Id.,* page 255. As United States Magistrate Gubin observed, courts "uniformly" have refused to authorize the expenditure of federal funds to underwrite the discovery costs of an indigent's civil action. *Id.,* page 254 (citations omitted).

■ Moreover, the plaintiff in the case at bar also cannot look to the named defendants for payment of the fees and costs connected with depositions he may be

planning to take. Civil litigants generally bear their own deposition expenses initially. *Doe v. United States,* 112 F.R.D. 183, 184 (S.D.N.Y.1986). A defendant is not required to advance the plaintiff's deposition expenses [2] merely because the plaintiff is unable to pay for such costs and fees. *Id.* And, once again, the *in forma pauperis* statute, Title 28 United States Code, section 1915, likewise does not require the Government to advance funds for deposition expenses. *Doe v. United States, supra,* page 185.

■ The third, and final, matter raised by Plaintiff's letter to the Clerk of Court has to do with discovery proceedings conducted by the defendants. On July 3, 1991, the Magistrate Judge granted the defendants' motion for leave to take this plaintiff's deposition. *Cf.:* Rule 30(a), Federal Rules of Civil Procedure. It was to have been taken at a session commencing on the morning of July 24, 1991. The Order so entered by the undersigned was for "leave" to be given the defendants. The Order was not, as Plaintiff Badman describes it, an order that his deposition in fact be taken. (In other words, Defendants were permitted to take the deposition; they were not directed to do so by this Court.) Be that as it may, Plaintiff now seeks a copy of the deposition transcript. Such a request is not at all unreasonable; the usual practice is for "the other side" to be given a copy of a deposition scheduled by the opponents, once it has been transcribed.

In this case, the defendants shall be directed to furnish Plaintiff with a copy of the transcript of any deposition taken of him, once a transcript becomes available.

An appropriate Order follows.

### ORDER

AND NOW, this 2nd day of August, 1991, in accordance with the accompanying Memorandum, IT IS ORDERED THAT:

1. The July 25, 1991 letter from the plaintiff, Arthur E. Badman, to the Clerk of Court, filed on July 29, 1991, be and hereby is construed as said plaintiff's request for issuance of a subpoena *duces tecum* and service of same by the United States Marshal upon President Judge Ranck and upon Attorney Suders.

2. Plaintiff Badman's July 29, 1991 request for the issuance and service of said subpoenas *duces tecum* be and hereby is denied.

3. With regard to the requested subpoenas *duces tecum* to President Judge Ranck and to Attorney Suders, this Order be and hereby is a Protective Order, F.R.Civ.P. 26(c), that the discovery not be had.

4. The parties, as well as President Judge Ranck and Attorney Suders, be and hereby are advised that this Protective Order is without prejudice to any right the plaintiff may have to renew his request for a subpoena *duces tecum,* should he in the future demonstrate his ability to proceed at his own expense.

5. The plaintiff's request for a copy of the transcript of the deposition taken of him on July 24, 1991, in connection with this lawsuit, be and hereby is granted.

6. The defendants be and hereby are directed to furnish Plaintiff Badman with a copy of the transcript of any deposition taken of him, once a transcript becomes available.

7. The Clerk of Court be and hereby is directed to mail an "information copy only" of both this Order and its accompanying Memorandum to the Honorable Samuel C. Ranck, President Judge, Court of Common Pleas of Northumberland County, Pennsylvania, and to Michael D. Suders, Esquire.

---

**2.** The examples given in *Doe v. United States, supra,* are stenographic and transcription deposition expenses.