USCA1 Opinion

 

 November 25, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1877 ALBERT PONGONIS, Plaintiff, Appellant, v. RONALD DESANTIS, ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Lawrence P. Cohen, U.S. Magistrate Judge] _____________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Cyr, Circuit Judges. ______________ ___________________ Albert Pongonis on brief pro se. _______________ David C. Jenkins, Gallagher and Gallagher P.C. and Robert J. ________________ ____________________________ _________ O'Sullivan on brief for appellees. __________ __________________ __________________ Per Curiam. Plaintiff-appellant filed a civil rights __________ action (plus pendent state claims) against Ronald De Santis, a Lawrence police officer, the City of Lawrence, and the city's police chief. Among other things, plaintiff contended that De Santis had unlawfully arrested plaintiff without probable cause and had used excessive force. The case was tried by consent to a jury presided over by a magistrate. At the close of the evidence, the magistrate directed a verdict for the city and police chief on the grounds, principally, that plaintiff had not presented either any evidence of a municipal policy, practice or custom upon which to predicate municipal civil rights liability nor any basis for supervisory liability of the police chief. The jury found for defendant De Santis. The magistrate also found for defendants on the equitable claims tried to the court. Plaintiff has appealed. Plaintiff's appellate brief contains a recitation of his version of the evidence. He has failed, however, to provide us with a copy of the trial transcript. Consequently, to the extent he is attacking the sufficiency of the evidence underlying the jury verdict or the magistrate's rulings, he has forfeited appellate review by failing to order the transcript. Muniz Ramirez v. Puerto Rico Fire Services, 757 _____________ _________________________ F.2d 1357, 1358 (1st Cir. 1985) ("When an appellant raises issues that are factually dependent yet fails to provide a -2- transcript of the pertinent proceedings in the district court, this circuit . . . has repeatedly held that we will not review the allegations."). We turn to appellant's other arguments. 1. Appellant argues that Magistrate Cohen should have disqualified himself from presiding at the trial because defense counsel had requested at a pre-trial conference that Magistrate Cohen be designated as the trial judge. We disagree. The docket indicates that, beginning in 1990, motions were referred to Magistrate Cohen. Consequently, in view of Magistrate Cohen's familiarity with the case, it would have made sense for Magistrate Cohen to preside over the trial in the event the parties consented (as they eventually did) to trial before a magistrate. Therefore, even if defense counsel did ask for Magistrate Cohen to preside, we see no basis for bias or disqualification. Moreover, there is no indication that appellant objected prior to trial to Magistrate Cohen presiding. Appellant's unsupported allegation in his motion for new trial, filed after the jury and magistrate had found against him, that Magistrate Cohen was a "friend" of defense counsel is not sufficiently specific to require recusal. 2. Appellant contends he was unable to prove his case because he was not permitted to depose and subpoena witnesses at government expense. Plaintiff's reliance on Fed. R. Cr. -3- P. 17(b) as authority for subpoenas at government expense is misplaced as Rule 17 does not apply to civil cases. Most courts have concluded that an indigent has no constitutional or statutory right to have witness or deposition costs provided at government expense in a civil case. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989); Boring ______ ____ ______ v. Kozakiewicz, 833 F.2d 468, 474 (3rd Cir. 1987), cert. ___________ _____ denied, 485 U.S. 991 (1988); Johnson v. Hubbard, 698 F.2d ______ _______ _______ 286, 288-90 (6th Cir. 1983), cert. denied, 464 U.S. 917 _____________ (1983); McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir. ______ ______ 1987), cert. denied, 485 U.S. 965 (1988); United States _____________ ______________ Marshals Service v. Means, 741 F.2d 1053, 1056-57 (8th Cir. ________________ _____ 1984); Newson v. Harrison, 687 F.Supp. 360 (W.D. Tenn. 1988). ______ ________ We need not address the issue, however, because appellant has not indicated the relevance of the witnesses he was unable to examine. In his motion for new trial, appellant complained that he had wanted to subpoena all the vendors at the flea market where appellant was arrested, but Magistrate Cohen allowed only two or three vendors to appear on appellant's behalf. We see no indication on the district court docket or in the materials plaintiff has presented that he ever filed a motion requesting witness subpoenas and explaining the relevance of the witnesses. Nor on appeal has appellant explained what the non-testifying vendors could have added. In any event, -4- the magistrate would have had discretion to exclude cumulative evidence. On the record before us, therefore, we find no error. 3. Appellant challenges the magistrate's denial of appellant's motion to ask potential jurors whether they had ever had friends or relatives employed in a law enforcement field. We have said that when government agents are key witnesses, the trial court should ordinarily ask prospective jurors whether they are "inclined to have greater faith in the agents' testimony merely by virtue of their official position." United States v. Victoria-Peguero, 920 F.2d 77, _____________ ________________ 84 (1st Cir. 1990), cert. denied, 111 S. Ct. 2053 (1991). _____________ Appellant, however, did not request this question. Rather, he wanted to know whether any jurors had "close friends, relatives or family members in . . . any branches of the law enforcement field." Having a friend or relative who is a law enforcement officer, however, is not a ground for automatic disqualification. See United States v. Lawrence, 952 F.2d ___ ______________ ________ 1034, 1037 (8th Cir. 1992) (court did not abuse its discretion in crediting a juror who said that his connection to law enforcement would not influence his decision making), cert. denied, 112 S. Ct. 1777 (1992); Depree v. Thomas, 946 ____________ ______ ______ F.2d 784, 788-92 (11th Cir. 1991) (court did not err in rejecting defendant's challenges to two jurors with ties to law enforcement). Moreover, as appellant has not provided us -5- with a transcript of the voir dire and trial, we can not tell whether the magistrate did in fact question the jurors concerning potential bias in favor of law enforcement officers or instruct them against any such bias. See United ___ ______ States v. Victoria-Peguero, 920 F.2d at 85 (court's failure ______ ________________ to voir dire prospective jurors concerning bias in favor of law enforcement officers was not reversible error in view of surrounding circumstances, including instruction that government agents are entitled to no more credibility than any other witness). On the present record, appellant has failed to show error. Affirmed. _________ -6-