979 F.2d 844
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Albert PONGONIS, Plaintiff, Appellant,
v.
Ronald DESANTIS, et al., Defendants, Appellees.
 No. 92-1877.
 United States Court of Appeals,
First Circuit.
 November 25, 1992
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Albert Pongonis on brief pro se.
 David C. Jenkins, Gallagher and Gallagher P.C. and Robert J. O'Sullivan on brief for appellees.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Torruella and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiff-appellant filed a civil rights action (plus pendent state claims) against Ronald De Santis, a Lawrence police officer, the City of Lawrence, and the city's police chief. Among other things, plaintiff contended that De Santis had unlawfully arrested plaintiff without probable cause and had used excessive force. The case was tried by consent to a jury presided over by a magistrate. At the close of the evidence, the magistrate directed a verdict for the city and police chief on the grounds, principally, that plaintiff had not presented either any evidence of a municipal policy, practice or custom upon which to predicate municipal civil rights liability nor any basis for supervisory liability of the police chief. The jury found for defendant De Santis. The magistrate also found for defendants on the equitable claims tried to the court. Plaintiff has appealed.
 
 
 2
 Plaintiff's appellate brief contains a recitation of his version of the evidence. He has failed, however, to provide us with a copy of the trial transcript. Consequently, to the extent he is attacking the sufficiency of the evidence underlying the jury verdict or the magistrate's rulings, he has forfeited appellate review by failing to order the transcript. Muniz Ramirez v. Puerto Rico Fire Services, 757 F.2d 1357, 1358 (1st Cir. 1985) ("When an appellant raises issues that are factually dependent yet fails to provide a transcript of the pertinent proceedings in the district court, this circuit... has repeatedly held that we will not review the allegations."). We turn to appellant's other arguments.
 
 
 3
 1. Appellant argues that Magistrate Cohen should have disqualified himself from presiding at the trial because defense counsel had requested at a pre-trial conference that Magistrate Cohen be designated as the trial judge. We disagree. The docket indicates that, beginning in 1990, motions were referred to Magistrate Cohen. Consequently, in view of Magistrate Cohen's familiarity with the case, it would have made sense for Magistrate Cohen to preside over the trial in the event the parties consented (as they eventually did) to trial before a magistrate. Therefore, even if defense counsel did ask for Magistrate Cohen to preside, we see no basis for bias or disqualification. Moreover, there is no indication that appellant objected prior to trial to Magistrate Cohen presiding. Appellant's unsupported allegation in his motion for new trial, filed after the jury and magistrate had found against him, that Magistrate Cohen was a "friend" of defense counsel is not sufficiently specific to require recusal.
 
 
 4
 2. Appellant contends he was unable to prove his case because he was not permitted to depose and subpoena witnesses at government expense. Plaintiff's reliance on Fed. R. Cr. P. 17(b) as authority for subpoenas at government expense is misplaced as Rule 17 does not apply to civil cases.
 
 
 5
 Most courts have concluded that an indigent has no constitutional or statutory right to have witness or deposition costs provided at government expense in a civil case. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3rd Cir. 1987), cert. denied, 485 U.S. 991 (1988); Johnson v. Hubbard, 698 F.2d 286, 288-90 (6th Cir. 1983), cert. denied, 464 U.S. 917 (1983); McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir. 1987), cert. denied, 485 U.S. 965 (1988); United States Marshals Service v. Means, 741 F.2d 1053, 1056-57 (8th Cir. 1984); Newson v. Harrison, 687 F.Supp. 360 (W.D. Tenn. 1988). We need not address the issue, however, because appellant has not indicated the relevance of the witnesses he was unable to examine.
 
 
 6
 In his motion for new trial, appellant complained that he had wanted to subpoena all the vendors at the flea market where appellant was arrested, but Magistrate Cohen allowed only two or three vendors to appear on appellant's behalf. We see no indication on the district court docket or in the materials plaintiff has presented that he ever filed a motion requesting witness subpoenas and explaining the relevance of the witnesses. Nor on appeal has appellant explained what the non-testifying vendors could have added. In any event, the magistrate would have had discretion to exclude cumulative evidence. On the record before us, therefore, we find no error.
 
 
 7
 3. Appellant challenges the magistrate's denial of appellant's motion to ask potential jurors whether they had ever had friends or relatives employed in a law enforcement field. We have said that when government agents are key witnesses, the trial court should ordinarily ask prospective jurors whether they are "inclined to have greater faith in the agents' testimony merely by virtue of their official position." United States v. Victoria-Peguero, 920 F.2d 77, 84 (1st Cir. 1990), cert. denied, 111 S. Ct. 2053 (1991). Appellant, however, did not request this question. Rather, he wanted to know whether any jurors had "close friends, relatives or family members in ... any branches of the law enforcement field." Having a friend or relative who is a law enforcement officer, however, is not a ground for automatic disqualification. See United States v. Lawrence, 952 F.2d 1034, 1037 (8th Cir. 1992) (court did not abuse its discretion in crediting a juror who said that his connection to law enforcement would not influence his decision making), cert. denied, 112 S. Ct. 1777 (1992); Depree v. Thomas, 946 F.2d 784, 788-92 (11th Cir. 1991) (court did not err in rejecting defendant's challenges to two jurors with ties to law enforcement). Moreover, as appellant has not provided us with a transcript of the voir dire and trial, we can not tell whether the magistrate did in fact question the jurors concerning potential bias in favor of law enforcement officers or instruct them against any such bias. See United States v. Victoria-Peguero, 920 F.2d at 85 (court's failure to voir dire prospective jurors concerning bias in favor of law enforcement officers was not reversible error in view of surrounding circumstances, including instruction that government agents are entitled to no more credibility than any other witness). On the present record, appellant has failed to show error.
 
 
 8
 Affirmed.