Roy J. GREGG, Plaintiff,

v.

**CLERK OF UNITED STATES DISTRICT COURT, Northern District of Florida, Tallahassee Division, Defendant.**

No. TCA 95–40072–WS.

United States District Court,
N.D. Florida,
Tallahassee Division.

March 8, 1995.

**654**

---

## ORDER

SHERRILL, United States Magistrate Judge.

This cause is before the court upon Plaintiff's Petition for Writ of Mandamus, doc. 1. Plaintiff has also filed an affidavit of indigency, along with a motion for leave to proceed *in forma pauperis.* Doc. 2. Leave to so proceed should be granted.

In his petition, the Plaintiff alleges that he is entitled to the issuance of a court mandate compelling the Defendant to issue subpoenas pursuant to Fed.R.Civ.P. 45(a)(3). The Plaintiff contends that he is a party in a civil action pending in the United States District Court for the Middle District of Florida, and that the subpoenas are needed in order to take the testimony of witnesses located within the jurisdiction of this court. Plaintiff has not demonstrated that he has made provisions for the required witness fees or estimated mileage costs.

■ The issuance of a writ of mandamus is a drastic remedy which is required only in extraordinary circumstances. *Allied Chemical Corporation v. Daiflon,* 449 U.S. 33, 34, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980). Generally, before a writ may be issued, three elements must exist: 1) a clear right in the petitioner to the relief sought; 2) a clear duty on the part of the respondents to do the act in question; and 3) no other adequate remedy available. *District Lodge No. 166, International Association of Machinists and Aerospace Workers AFL–CIO v. TWA Services, Inc.,* 731 F.2d 711 (11th Cir.1984), *cert. denied,* 469 U.S. 1209, 105 S.Ct. 1175, 84 L.Ed.2d 324 (1985). Review of the Plaintiff's petition reveals that he has presently not met the required elements for issuance of a writ of mandamus.

■ The rule governing service of subpoenas, Fed.R.Civ.P. 45(b)(1), requires the simultaneous tendering of witness fees and reasonably estimated mileage as allowed by law. *Tedder v. Odel,* 890 F.2d 210, 211 (9th Cir.1989); *Badman v. Stark,* 139 F.R.D. 601, 604 (M.D.Penn.1991). A party proceeding *in forma pauperis* is still required to pay witness and mileage fees in connection with deposition subpoenas. *Tedder,* 890 F.2d at 211; *Fernandez v. Kash N' Karry Food Stores, Inc.,* 136 F.R.D. 495, 496 (M.D.Fla. 1991), *aff'd,* 966 F.2d 1461 (11th Cir.1992). Because a federal court has the inherent power to protect anyone from oppressive use of process, the court may require a plaintiff to demonstrate that he has made provisions for the costs of discovery prior to ordering the Clerk to issue subpoenas. *Badman,* 139 F.R.D. at 604. The refusal to issue subpoenas in the absence of such evidence is not improper. *Id.*

■ The court notes that the Plaintiff in this action has not demonstrated that he has made provisions for the necessary costs of discovery. Therefore, Plaintiff has not demonstrated that he has a clear, non-discretionary right to the issuance of subpoenas by the Defendant. Accordingly, Plaintiff has failed to demonstrate he is entitled to mandamus relief.

In order to alleviate this deficiency, Plaintiff must provide the court with sufficient evidence which demonstrates that he has made provisions for the costs of discovery. Plaintiff is informed that those costs include a $40.00 per day attendance fee, plus mileage and other costs as determined under 28 U.S.C. § 1821. Since Plaintiff proceeds *in forma pauperis,* he may motion the court to direct service by the United States Marshal

under Fed.R.Civ.P. 4(c)(2).[1] However, Plaintiff is informed that there is no statute which authorizes or requires the government to undertake the expenses of witness fees and costs for indigent plaintiffs. *Badman,* 139 F.R.D. at 604. Therefore, if Plaintiff seeks to have subpoenas served by the Marshal, he must submit an appropriate sum of money for the Marshal to tender to the witness with his motion. A subpoena will *not* be served by the Marshal *unless* accompanied by a money order made payable to the witness for the full amount of the witness's travel expenses (30¢ per mile), plus the witness fee of $40.00 for one day's attendance at trial. 28 U.S.C. § 1821.

Accordingly, it is hereby

ORDERED:

1. Leave to proceed *in forma pauperis* is hereby GRANTED and this cause may be filed without cost to the Plaintiff as provided in 28 U.S.C. § 1915.

2. Plaintiff shall have until March 21, 1995 to provide the court with sufficient evidence demonstrating that he has made provisions for the costs of discovery which he is seeking to pursue through this action. In the alternative, Plaintiff may submit the required costs along with a motion requesting the issuance of summons, and service of summons by the United States Marshals Service.

3. The clerk of court shall return this file to the undersigned no later than March 24, 1995.

DONE AND ORDERED.

---

1. However, Plaintiff is warned that the costs of service are items of cost which may be taxed against the losing party after trial. See 28 U.S.C. § 1920, 1921; Fed.R.Civ.P. 54(d). Costs may be taxed against an indigent. *Harris v. Forsyth,* 742 F.2d 1277 (11th Cir.1984).