**Peter Joe RIVERA, Plaintiff,**

v.

**Mary K. DisABATO, et al., Defendants.**

**Civil Action No. 96–1983(AET).**

United States District Court,
D. New Jersey.

March 6, 1997.

Peter Joe Rivera, Riverfront State Prison, Camden, NJ, pro se.

Jennifer L. Kleppe, Office of N.J. Atty. Gen., Trenton, NJ, for Defendants.

## MEMORANDUM

WOLFSON, United States Magistrate Judge.

Presently before the Court is the motion by plaintiff Peter Joe Rivera, *pro se*, on

tiffs' daughter, Corinne Eisenstein, who resided in Connecticut at the time of these events. (D.I.16).

application for an Order granting him free transcripts of his deposition. The Court having received moving papers, and the opposition thereto, considers this matter pursuant to *Fed.R.Civ.P.* 78. For the following reasons, plaintiffs motion is denied.

### Background

Plaintiff Peter Joe Rivera is presently incarcerated in the Riverfront State Prison in Camden, New Jersey. On April 29, 1996, plaintiff filed this civil rights action against numerous government officials, claiming violations of his constitutional rights. On that same day, the Honorable Anne E. Thompson granted plaintiffs request to proceed in this matter *in forma pauperis.* The gravamen of plaintiff's claims are that defendants, Mary Keating DiSabato, Chairman of the New Jersey State Parole Board ("Parole Board"), Daniel Labek, a Parole Counselor at the New Jersey State Prison, Gregory Grochowshi, a Senior Parole Counselor, and Gloria Burke, a Senior Classification Officer at the New Jersey State Prison, violated his due process rights by failing to provide him with a timely parole hearing.

On September 4, 1996, defendants filed a motion for leave to take the deposition of the plaintiff, a prisoner, pursuant to *Fed.R.Civ.P.* 30(a)(2). By Order dated October 7, 1996, this Court granted defendants' motion. Consequently, on October 29, 1996, defendants' counsel, Jennifer L. Kleppe, Esq., Deputy Attorney General, took the deposition of plaintiff at the Riverfront State Prison. A certified short hand reporter was present to transcribe the proceedings.

On January 28, 1997, plaintiff filed the present motion, pursuant to *Fed.R.Civ.P.* 30(b)(4), seeking free transcripts of his deposition. In support of this motion, plaintiff, an indigent litigant, asserts that because the deposition transcripts will likely provide the basis upon which defendants will formulate their defense, the transcripts are therefore discoverable material information. Plaintiff's Moving Brief at 1–2.

Relying upon a wealth of case law in various United States Circuits, defendants oppose this motion, insisting that there is no statutory or judicial authority requiring either defendants or the government to provide plaintiff with free deposition transcripts. Defendant's Brief at 3–5 (citing *Santana v. United States,* 98 F.3d 752 (3d Cir.1996); *Martin v. United States,* 96 F.3d 853 (7th Cir.1996) *Tabron v. Grace,* 6 F.3d 147 (3d Cir.1993); *Dixon v. Ylst,* 990 F.2d 478 (9th Cir.1993); *Tedder v. Odel,* 890 F.2d 210 (9th Cir.1989); *Papas v. Hanlon,* 849 F.2d 702 (1st Cir.1988); *Boring v. Kozakiewicz,* 833 F.2d 468 (3d Cir.1987); *McNeil v. Lowney,* 831 F.2d 1368 (7th Cir.1987); *Johnson v. Hubbard,* 698 F.2d 286 (6th Cir.1983); *United States Marshals Service v. Means,* 724 F.2d 642 (8th Cir.1983); *Lewis v. Precision Optics, Inc.,* 612 F.2d 1074 (8th Cir.1980); *Badman v. Stark,* 139 F.R.D. 601 (M.D.Pa. 1991); *Sturdevant v. Deer,* 69 F.R.D. 17 (E.D.Wis.1975)). Indeed, defendants suggest that the bulk of judicial authority instructs that parties, including indigent litigants, must bear their own trial expenses. *Id.* Consequently, defendants urge this Court to deny plaintiffs motion for free deposition transcripts.

### Discussion

Federal Rule of Civil Procedure 30(a)[1] codifies a broad entitlement to taking depositions. The Rule permits litigants to take the deposition of any person, including a party confined in prison, provided that the Court has granted leave to do so. Rule 30(b)(2)[2]

---

**1.** Federal Rule of Civil Procedure 30(a) states:

(1) A Party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as otherwise provided in paragraph (2). The attendance of witnesses may be compelled by subpoena as provided in Rule 45.
(2) A Party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or

if, without the written stipulation of the parties.

\*   \*   \*   \*   \*   \*

**2.** Federal Rule of Civil Procedure 30(b)(2) provides:

(2) The party taking the deposition shall state in the notice the method by which the testimony shall be recorded. Unless the court orders otherwise, it may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the depositions shall bear the cost

further empowers parties, unless the Court otherwise orders, to record depositions by "sound, sound and visual, or stenographic means" with the party taking the depositions bearing the costs of recording. Absent from Rule 30 is any provision entitling an adverse litigant, even an adverse indigent litigant, to free transcripts of a deposition. Instead, Federal Rule 30(f)(2) specifically provides that "[u]pon **payment of the reasonable charges therefor**, the officer shall furnish a copy of the transcript or other recording of the deposition to any party or to the deponent."

■ In the instant matter, having satisfied the requirements of Federal Rule of Civil Procedure 30(a), defendants conducted the deposition of plaintiff on October 29, 1996. A certified short hand reporter was present to transcribe the proceedings. Plaintiff now seeks a gratuitous copy of the deposition transcript, apparently at defendants' expense. However, plaintiff offers no factual, statutory or judicial authority to substantiate his request.

Indeed, it is well-settled that litigants generally bear their own litigation expenses. *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir.1987) "There is no provision in the statute [28 U.S.C. § 1915(b) ][3] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron*, 6 F.3d at 159; *See also Johnson v, Hubbard*, 698 F.2d 286, 289 (6th Cir.1983); *Toliver v. Community Action Commission to Help the Economy, Inc.,* 613 F.Supp. 1070, 1072 (S.D.N.Y.1985)("[t]here [is] no clear statutory authority for prepayment of discovery costs pursuant to 1915 or otherwise").

As in the instant case, the indigent prisoner plaintiff in *Tabron* sought an Order requiring that he be provided with free copies of the depositions taken by the defendants. *Id.* at 151–52. In conjunction with his motion, the plaintiff in that case also filed several other motions, including a motion for summary judgment. *Id.* at 152. However, because plaintiff did not have the benefit of the deposition transcripts for reference in his motion papers, plaintiff cited to the deposition testimony from memory or by referring to pages of the transcripts that he had been permitted to inspect. *Id.* Despite the apparent suggestion that the information in the deposition transcripts may have been potentially helpful as probative, material information, the Third Circuit Court concluded that 28 U.S.C. § 1915 does not encompass an entitlement to copies of deposition transcripts at Government expense. *Id.* at 159.

■ This position is consistent with the recently enacted Prison Litigation Reform Act ("PLRA"), effective April 26, 1996, which modifies 28 U.S.C. § 1915.[4] Enacted "to relieve the pressures on the federal courts of frivolous suits by prison inmates," the Act fundamentally alters the prior statute by requiring *in forma pauperis* prisoners to pay all filing fees. *Martin v. United States*, 96 F.3d 853, 856 (7th Cir.1996). Clearly, both Congress and the federal courts support the necessity for litigants to bear their own litigation expenses, and have, consequently, forged an elaborate scheme, in the PLRA, to enable even indigent litigants to do so. *Santana v. United States*, 98 F.3d 752, 754 (3d Cir.1996).

Similarly, plaintiff's obligations, even as an indigent litigant, to finance his own litigation expenses cannot be arbitrarily thrust upon defendants. "[A] defendant is not required to advance a plaintiff's stenographic and transcription deposition expenses merely because a plaintiff is unable to pay such expenses. Indeed such a rule would in effect

---

of the recording. Any party may arrange for a transcription to be made from the recording of a deposition taken by non-stenographic means.

**3.** 28 U.S.C. § 1915 is the statute which governs civil actions filed by indigent prisoners.

4. 28 U.S.C. § 1915(b)(1), as amended, provides, in pertinent part, that "[n]otwithstanding subsection (a) [which permits indigent prisoners to initiate litigation *in forma pauperis*], if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee."

force defendants to finance much of their indigent adversary's trial preparation regardless of the outcome of the case. The application of this rule is particularly appropriate when, as here, the need for the expenditure sought is doubtful, and reasonable, less costly alternatives exist." *Doe v. United States of America,* 112 F.R.D. 183, 184–85 (S.D.N.Y. 1986); *See also e.g., Tabron,* 6 F.3d at 158–60; *Badman v. Stark,* 139 F.R.D. 601, 605–06 (M.D.Pa.1991)("[a] defendant is not required to advance the plaintiff's deposition expenses merely because the plaintiff is unable to pay for such costs and fees").

Again, in *Tabron,* while the court acknowledged that a district court, as part of its "inherent equitable powers" in supervising discovery, maintains the "discretion to order an opposing party to pay for or to provide copies of deposition transcripts for an indigent litigant as a condition precedent to allowing that party to take depositions," the Third Circuit did not upset the lower court's decision that it was unnecessary in that case. *Tabron,* 6 F.3d at 159. Significantly, plaintiff "attended and participated in all of the depositions and therefore was able to take notes and compile information from the live testimony." *Id.* The Third Circuit found that this consideration, coupled with the fact that plaintiff offered no viable reason for the necessity of the transcripts, was sufficient reason to deny plaintiff's request that defendants provide gratuitous copies of the deposition transcripts, in light of the general rule that "indigent litigants bear their own litigation expenses." *Id.* Hence, in this Circuit, the basic tenet, that a litigant bears the burden of financing his own litigation expenses, adheres in the great majority of cases and circumstances. *Id.*

With this framework in mind, it is particularly significant that the plaintiff, in the instant dispute, seeks the deposition transcript of his own deposition. As such, all of the answers to the questions posed during that deposition are within plaintiff's personal knowledge. To the extent that plaintiff wants the deposition transcript to recall the exact questions posed and the answers he gave, plaintiff could have taken notes during the deposition to memorialize the information that he now seeks. This Court will not subvert the established rules, set forth herein, simply because plaintiff may have neglected to avail himself of this opportunity.

Based upon the foregoing, and once again recognizing that the Federal Rules of Civil Procedure specifically require parties and deponents who seek to retain copies of deposition transcripts to assume the reasonable costs for their production, *see Fed, R. Civ. P* 30(f)(2), plaintiff's motion for free transcripts of his deposition is hereby denied. Accordingly, an appropriate Order shall follow.