UNITED PARCEL SERVICE OF
AMERICA, INC., Plaintiff,

v.

THE NET, INC. and Does 1 Through
10, Defendants.

No. 99 CV 7059 ADS ARL.

United States District Court,
E.D. New York.

June 14, 2004.

---

King & Spalding LLP, by Thomas H. Curtin, David M. Viscomi, of counsel, New York City, for Plaintiff.

Keith Maydak, North Versailles, PA, Pro Se for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is a motion pursuant to Rule 72(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") by the plaintiff United Parcel Service ("UPS" or the "plaintiff") to set aside United States Magistrate Judge Arlene R. Lindsay's Order dated January 27, 2004 (the "Order").

## I. BACKGROUND

This case involves an action by UPS against The Net, Inc. and Does 1 through 10 for trademark dilution and infringement, unfair competition, deceptive business practices, cyber-piracy, and misappropriation of the plaintiff's goodwill, reputation, and business property. In a March 13, 2001 letter, Keith Maydak, who is currently incarcerated in Canada with claims of more than $500,000 in legal judgments against him, informed the Court that, among other things, (1) he is the proprietor of The Net; (2) he was willing to accept service on behalf of The Net; and (3) he wished to appear on their behalf. In an Order dated February 15, 2002, the Court granted Maydak's request to represent The Net as a *pro se* defendant.

On June 13, 2003, pursuant to Fed.R.Civ.P. 34, the plaintiff filed a "Request for Production of Documents and Things" upon Maydak. In response, Maydak informed the plaintiff that the appropriate and responsive documents are located at two locations in western Pennsylvania and that they range in number from 100,000 to 200,000 documents. Maydak claimed that he is unable to bear the cost of shipping the documents to and from Canada to vet them personally pursuant to the plaintiff's Request. In addition, Maydak stated that his incarceration makes him unable to travel to Pennsylvania and personally inspect the documents to determine relevancy.

As a result, on January 27, 2004, Judge Lindsay ordered that the plaintiff may discover these documents either (1) by entering into a confidentiality order and personally reviewing the documents in western Pennsylvania at its own cost, or (2) by bearing the cost of shipping the documents to and from Canada where Maydak is incarcerated in order that he may review and vet the documents for relevancy. The Order allows the plaintiff to add these expenditures to their overall litigation costs.

UPS now moves to set aside Judge Lindsay's Order pursuant to Fed.R.Civ.P. 72(a), asserting principally that (1) the Order is "contrary to the spirit and letter" of the Federal Rules because it requires UPS to bear the cost of its own discovery request; and (2) the Order allows Maydak to circumvent his obligations under the Federal Rules. The plaintiff requests that Maydak be ordered to vet his own documents and to make responsive documents available to UPS for inspection and copying immediately pursuant to his obligations under the Federal Rules of Civil Procedure.

## II. DISCUSSION

### A. The Standard of Review

■ A magistrate judge possesses wide discretion in handling pre-trial discovery matters. *See Ruddock v. Reno*, No. 96 Civ. 1964, 2001 WL 1717241, at *1, 2001 U.S. Dist. LEXIS 24724, at *3 (N.D.N.Y. Dec. 19, 2001) (citing *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir.1992)). Pre-trial discovery issues are generally considered non-dispositive matters. *See Thomas E. Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). When reviewing a magistrate judge's order concerning discovery, issues that are non-dispositive of a claim or defense may be set aside or modified only upon a showing that the Order "was clearly erroneous or contrary to law." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (citation omitted); *Fed.R.Civ.P.* 72(a). An order is "clearly erroneous" only when "the reviewing court on the entire evidence is left with the definite and firm conviction that

a mistake has been committed." *Thompson v. Keane,* No. 95 Civ. 2442, 1996 WL 229887, at *1, 1996 U.S. Dist. LEXIS 6022, at *1 (S.D.N.Y. May 6, 1996) (internal quotation and citations omitted).

■ A party seeking to overturn a discovery order therefore bears a heavy burden. *See Com Tech Assocs. v. Computer Assoc. Int'l,* 753 F.Supp. 1078, 1079 (E.D.N.Y.1990), *aff'd,* 938 F.2d 1574 (2d Cir.1991). Under this highly deferential standard of review, a reversal of a magistrate judge's order is appropriate "only if their discretion is abused." *Universal Acupuncture Pain Serv., P.C. v. State Farm Mutual Auto. Ins. Co., et al.,* No. 01 Civ. 7677, 2002 WL 31309232, at *1, 2002 U.S. Dist. LEXIS 19555, at *2 (S.D.N.Y. Oct. 10, 2002) (citing *Lanzo v. City of New York,* No. 96 Civ. 3242, 1999 WL 1007346, at *1, 1999 U.S. Dist. LEXIS 16569, at *2 (E.D.N.Y. Sept. 21, 1999)).

### B. As to the January 27, 2004 Order

Pursuant to Fed.R.Civ.P. 34(a), a party may serve on another party a request to produce documents relevant to a claim or defense of a party. *See* Fed.R.Civ.P. 34(a). There is a presumption under the discovery rules that the responding party must bear the expense for complying with a discovery request. *See Zubulake v. UBS Warburg,* 217 F.R.D. 309, 316 (S.D.N.Y.2003). However, Fed.R.Civ.P. 26(b)(2)(iii) permits a judge to "limit" a discovery request when,

> the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(iii).

■ Thus, as part of limiting discovery, Rule 26(b)(2) allows a judge to assess the burden of a discovery request with regard to its likely benefit and to shift "some or all of the costs of production to the requesting party." *Chao v. 3RE.com,* No. 01–2350–M1V, 2003 WL 21946597, at *2, 2003 U.S. Dist. LEXIS 14064, at *6 (W.D.Tenn. July

28, 2003) (citing *Oppenheimer Fund v. Sanders,* 437 U.S. 340, 358, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)); *Zonaras v. General Motors,* No. C–3–94–161, 1996 WL 1671236, at *1–2, 1996 U.S. Dist. LEXIS 22535, at *4–6 (S.D.Ohio Oct. 17, 1996) (instructing the requesting party to bear half of the costs of discovery).

■ This interpretation of Rule 26(b)(2) comports with the 1983 and 1993 changes to the rule. The Advisory Committee Notes expressly state that judges may take into account financially "weak" litigants when issuing discovery orders. Advisory Committee Notes to 1983 Amendment to Rule 26(b)(2). Further, the changes to the rule in 1993 emphasize that, "[t]he revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery...." Advisory Committee Notes to 1993 Amendment to Rule 26(b)(2).

Significantly, the 2000 changes note that the limitations set forth in Rule 26(b)(2) are meant to apply to all discovery matters and that the discretion afforded to judges by Rule 26(b)(2) has not been used "with the vigor that was contemplated." Advisory Committee Notes to 2000 Amendment to Rule 26(b)(2); *see Thompson v. Dept't of Hous. and Urban Dev.,* 199 F.R.D. 168, 171 (D.Md.2001) (summarizing the various changes to Rule 26(b)(2) from 1970 to 2000). Therefore, the Court finds that the maturation of Rule 26(b)(2) over several decades allows judges to use the limitations of Rule 26(b)(2) with increasing frequency and with an eye toward equity. This, undeniably, includes cost-shifting in discovery.

The Court also notes that, although a party is not usually excused from bearing the cost of responding to a discovery request simply because of a financial hardship, *see Doe v. United States,* 112 F.R.D. 183, 184 (S.D.N.Y.1986), Maydak is not only an indigent litigant, but he has the added burden of foreign incarceration. Thus, he is apparently unable to withstand the discovery expenditures that the plaintiff's request commands. Nor can he travel to western Pennsylvania and personally respond to the plaintiff's request.

In a case that was filed five years ago, Judge Lindsay appropriately used her discretion in balancing the needs of judicial expediency with economic efficiency. It would be an unwarranted sacrifice of pragmatism to allow this case to be mired in discovery when pre-trial discovery is near its end. Maydak's position is unique and Judge Lindsay's Order correctly facilitates the ultimate disposition of this case. Accordingly, the Court finds that Judge Lindsay's Order was not "clearly erroneous or contrary to law."

See, also, 287 F.Supp.2d 167.

## III. CONCLUSION

Accordingly, the plaintiff's motion to set aside Judge Lindsay's January 27, 2004 Order is **DENIED**.

**SO ORDERED.**