**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**MR. GOLD, INC. d/b/a La Piazza, Defendant.**

Barbara Marion, Susan Mullagan, Natalia Puteri and Kim Rico, Plaintiffs–Intervenors,

v.

Mr. Gold, Inc. d/b/a La Piazza, Defendant.

No. CV–03–2900 (ADS) (ARL).

United States District Court, E.D. New York.

July 22, 2004.

Equal Employment Opportunity Commission (Monique Roberts, Esq., of counsel), New York City, Kaufman, Schneider & Bianco, LLP (Richard M. Howard, of Counsel), Jericho, NY, for defendant.

Rosen, Leff (David M. Fish, Esq., of counsel), Hempstead, NY, for the Plaintiffs–Intervenors.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case involves allegations by the Equal Employment Opportunity Commission ("EEOC" or the "plaintiff") of sex discrimination, retaliation and constructive discharge against Mr. Gold Inc. d/b/a La Piazza ("La Piazza" or the "defendant") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

Presently before the Court is a motion by the EEOC to set aside the Order issued by United States Magistrate Judge Arlene R. Lindsay on March 5, 2004 requiring that any future claimants in this case identified by the EEOC be part of a separate action.

## I. BACKGROUND

Kim Rico, Natalia Puteria, Susan Mulligan and Barbara Marion were employed by the defendant. At some point in time, these women filed individual charges of employment discrimination with the EEOC, claiming that the intolerable conditions of their employment at La Piazza forced their resignation. After an investigation, the EEOC determined that there was reasonable cause to believe that the defendant subjected his female employees to sexually offensive conduct, comments, and physical and verbal intimidation. On June 12, 2003, the EEOC commenced this action on behalf of the four original Charging Parties and other similarly situated employees affected by the defendant's alleged discriminatory practices. Since the filing of this lawsuit, the EEOC added five additional women as claimants.

On October 21, 2003, Judge Lindsay established a pretrial discovery schedule. This schedule set forth a December 31, 2003 deadline for the EEOC to identify all claimants by the EEOC. In a letter dated December 23, 2003, the EEOC requested that the Court compel the defendant to produce complete employee data from January 1, 1996 to that time. The plaintiff also requested an extension of time in which to provide the defendants with the identities of the claimants. On January 26, 2004, Judge Lindsay granted the EEOC's request and ordered the defendants to produce employee records from January 1, 1996 to January 1, 1999 on or before February 9, 2004. Judge Lindsay further ordered the EEOC to identify all claimants on or before March 1, 2004.

In a letter to the EEOC dated February 10, 1999, the defendant, for the first time, indicated that no such records existed, as records prior to 1999 were not maintained either by the employer or by its payroll company.

By letter dated March 1, 2004, the EEOC requested that the Court postpone the closing of the claimant class in the event other employees whom the EEOC is unable to contact learn about the case and come forward. On March 5, 2004, Judge Lindsay

denied the EEOC's request. In particular, Judge Lindsay's Order, stated:

> Counsel appears to be confusing this Court's ruling as limiting the number of claimants. As this Court previously expressed it is necessary that the EEOC identify [on] which plaintiffs and facts they intend to rely ... in proving this case. Defendants are entitled to know what specific claims they must defend against. This would not preclude the commencement of a separate action on behalf of later identified claimants. If appropriate those actions may be consolidated. This will ensure that the plaintiffs in this action will receive a fairly expeditious trial of their claims rather than have endless extensions of discovery as "new" plaintiffs are added. Accordingly, this Court denies the request to permit joinder of new parties without limitation.

The EEOC now seeks a reconsideration of this order. Although not specified by the plaintiff, such motions to reconsider are brought pursuant to Rule 72(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The EEOC asserts that the exclusion of possible claimants would prevent the EEOC from effectively carrying out its statutory mandate, namely to find potential victims of discrimination and advance the public interest and redress employment discrimination. The EEOC also claims that closing the class of claimants at this time serves to reward the defendant for failing to comply with the Court's order and produce employee data.

## II. DISCUSSION

### A. Timeliness

The Federal Rules of Civil Procedure provide that parties must file objections to a magistrate judge's non-dispositive decision "within 10 days of being served with a copy of the magistrate judge's order." Rule 72(a). The EEOC's motion to set aside Judge Lindsay's Order was filed on March 16, 2004, less than 10 days after service of Judge Lindsay's Order, and it is timely. See Fed.R.Civ.P. 6(a) ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.").

### B. Standard of Review

Pre-trial discovery issues are generally considered nondispositive matters. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.1990). When considering objections to a magistrate judge's ruling on a nondispositive matter, a district judge will modify or set aside any portion of the magistrate's order found to be "clearly erroneous or contrary to law." Rule 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *U.S. v. Isiofia*, 370 F.3d 226, 232 (2d Cir.2004). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (internal quotations omitted).

Further, a magistrate judge's resolution of discovery disputes deserves "substantial deference" by the district court, *Norex Petroleum Ltd., v. Access Industries, Inc.* No. 02 Civ.1499, 2003 WL 21872389, at *2 (S.D.N.Y. Aug.7, 2003) (citation omitted), and reversal of a magistrate judge's order is only appropriate if there is an abuse of discretion. *U.S. Parcel Service of Amer., Inc. v. The Net, Inc.*, 222 F.R.D. 69, 71 (E.D.N.Y.2004) (citation omitted).

Accordingly, because the plaintiff's appeal of Judge Lindsay's March 5, 2004 order addresses nondispositive discovery issues, the Court shall apply this deferential standard of review.

### C. As to the Order of March 5, 2003

In its motion to set aside Judge Lindsay's Order the EEOC first argues that closing the class of claimants at this time

precludes the EEOC from carrying out its statutory mandate, which is to "advanc[e] the public interest in preventing and remedying employment discrimination" through the enforcement of Title VII claims. *General Telephone Co. v. EEOC,* 446 U.S. 318, 331, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). The Court acknowledges that when bringing a class action pursuant to Title VII, the EEOC is to identify all the claimants affected by discrimination, and is responsible for " 'investigating, litigating, and, if possible, settling claims....' " *EEOC v. Venator Group,* No. 99 Civ. 4758, 2001 WL 246376, at *5 (S.D.N.Y. Mar.13, 2001) (citing *EEOC v. Cons. Edison Co.,* 557 F.Supp. 468, 473 (S.D.N.Y.1983)). Nevertheless, the EEOC's duties are not unfettered as courts "are not powerless to prevent undue hardship to the defendant ... [and] ... may, by discovery and other pretrial proceedings, determine the nature and extent of the claims the EEOC intends to pursue against it.' " *EEOC v. Carrols Corp.,* 215 F.R.D. 46, 51 (N.D.N.Y. Feb.18, 2003) (*quoting Gen. Tel. Co. Of the Northwest, Inc. v. EEOC,* 446 U.S. 318, 333, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980)).

Moreover, after a scheduling order is entered, it "shall not be modified except upon a showing of good cause." Fed.R.Civ.P. 16(b). Here, Judge Lindsay ordered that the deadline to identify all claimants be extended to March 1, 2004. In the Court's view, the failure to close the time period would allow the EEOC an indefinite term to add claimants, in direct contradiction to the discovery schedule set by the Court.

The EEOC also contends that closing the class of claimants at this time rewards the defendant for its "delay tactics," i.e. the failure to timely provide the relevant employee data. However, because a request to produce documents is subject to the caveat that a party must have the documents "in its possession, custody or control," Fed.R.Civ.P. 34(a), the defendant's delay in providing employee records does not constitute a refusal to cooperate. Because no such records exist, even if the Court extended the class closing date, the EEOC will not be in a better position than it is now. On the other hand, the Court notes that the defendant faces potential prejudice in properly preparing an adequate defense without knowing which individuals were seeking relief. The Court stresses Judge Lindsay's declaration concerning the ability of the EEOC to commence a separate action on behalf of later identified claimants, and, subsequently consolidating these actions, if appropriate. Thus, the Court is not limiting the number of claimants, but rather ensuring that due process and the defendant's rights are preserved. In addition, the Court notes that the present intervenor plaintiffs are entitled to an expedient trial and should not be subject to endless extensions of discovery. *See Venator Group,* 2001 WL 246376, at *6.

After a review of defendant's objections, the relevant documents and Judge Lindsay's Order, the Court is unable to conclude that Judge Lindsay's determination was either clearly erroneous or contrary to law.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the plaintiff's motion to set aside Judge Lindsay's March 5, 2004 Order is **DENIED**; and it is further

**ORDERED**, that the parties are directed to appear in courtroom 1024, Long Island Federal Courthouse, Central Islip, New York 11722 on Thursday, September 9, 2004 at 9:00 a.m. to set a date for trial.

**SO ORDERED.**