**Norman E. TEDDER,**
**Plaintiff–Appellant,**

v.

**Edward ODEL, Cpl., James Scott**
**McAlister, Defendants–Appellees.**

No. 88–4309.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 27, 1989.*

Decided Nov. 28, 1989.

Norman E. Tedder, Salem, Or., pro se.

Linda DeVries Grimms, Asst. Atty. Gen., Dept. of Justice, Salem, Or., for defendants-appellees.

Before ALARCON, O'SCANNLAIN and LEAVY, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Norman E. Tedder (Tedder) appeals *pro se* from the district court's grant of summary judgment in favor of defendants Edward Odel (Odel) and James S. McAlister (McAlister). Tedder brought an action under 42 U.S.C. § 1983 and § 1985(3) alleging that McAlister, an assistant attorney general for the state of Oregon, told Odel, an officer at the Oregon State Penitentiary, not to honor a subpoena to testify in a civil rights case Tedder had filed against another prison guard. The district court held that because the subpoena was invalid, McAlister's advice and

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Odel's failure to appear as a witness cannot be the basis for any liability. We affirm.

We review the district court's entry of summary judgment *de novo*. *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989). Our review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Tzung v. State Farm Fire & Cas. Co.*, 873 F.2d 1338, 1339–40 (9th Cir.1989).

The relevant facts are not in dispute. Tedder mailed a subpoena to Odel and admits that he failed to attach the necessary witness and mileage fees. *See* Fed.R. Civ.P. 45(c). Defendant McAlister, in his official capacity as counsel for the State of Oregon, advised Odel that service was improper and that Odel was not required to appear. At trial Tedder objected to Odel's failure to appear and moved for a new trial based on alleged witness tampering by McAlister. *See Tedder v. Letney*, No. 85–6279–PA (D.Or.). The trial court denied the motion,[1] and Tedder brought this second § 1983 action for damages against McAlister and Odel.

■ Tedder's claims do not create a dispute of fact. He argues that McAlister and Odel are not entitled to judgment as a matter of law. Tedder first argues that his subpoena was not deficient. The Federal Rules of Civil Procedure provide:

Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and by tendering to him the fees for one day's attendance and the mileage allowed by law. When the subpoena is issued on behalf of the United States or an officer or agency thereof, fees and mileage need not be tendered.

Fed.R.Civ.P. 45(c). Fees must be tendered concurrently with the subpoena. *CF & I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir.1983).

■ Tedder first claims exemption from the fee requirement because he was a plaintiff *in forma pauperis*. The *in forma pauperis* statute, 28 U.S.C. § 1915, provides:

(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such cost or give security therefor. . . .

. . . .

(c) The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

28 U.S.C. § 1915 (1982). Several courts of appeals have held that this language does not permit a waiver of the witness fees to be tendered with the subpoena. *See Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir.1987), *cert. denied*, 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988); *Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir.), *cert. denied*, 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983); *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir.1987), *cert. denied*, 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1988); *United States Marshals Serv. v. Means*, 741 F.2d 1053, 1056 (8th Cir. 1984). Although the plain language of section 1915 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses. The Supreme Court has declared that "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress. . . ." *United States v. MacCollom*, 426 U.S. 317, 321, 96 S.Ct. 2086, 2089, 48

---

1. Tedder's appeal in *Tedder v. Letney*, No. 88–3656 (9th Cir. Sept. 12, 1988) was dismissed because it was not timely filed.

L.Ed.2d *666* (1976). We join the Third, Sixth, Seventh, and Eighth Circuits in finding no such authorization in section 1915.

 Tedder next argues that he comes within the exception to Federal Rule 45(c) because his prison counselor, a government agent, mailed the subpoena. Tedder claims that this constitutes issuance "on behalf of the United States or an officer or agency thereof." This argument misreads Rule 45(c); the subpoena was issued on behalf of *Tedder*, not a government officer. Thus, the district court properly found Tedder's subpoena invalid.

Because the district court properly found that Tedder did not issue a valid subpoena to Odel, it was justified in concluding that neither Odel nor McAlister deprived Tedder of any rights secured by the Constitution or laws of the United States. McAlister's advice to Odel was correct and does not give rise to civil liability. Odel's actions also give rise to no liability.

Tedder finally argues that the district court judge had an impermissible conflict of interest because the judge once held the same position McAlister now holds—assistant attorney general. Disqualification based on government employment is required when a judge has participated earlier in a governmental capacity in the same proceeding. 28 U.S.C. § 455(b)(3) (1982). Tedder does not present any other evidence upon which the district judge's impartiality "might reasonably be questioned." 28 U.S.C. § 455(a) (1982).

AFFIRMED.