947 F.2d 949
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald R. HALE, Plaintiff-Appellant,
v.
CALIFORNIA BOARD OF PRISON TERMS AND PAROLES, et al.,
Defendants-Appellees.
 No. 91-15001.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1991.*
Decided Nov. 4, 1991.
 
 Before FLETCHER, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald R. Hale, a California state prisoner, appeals pro se the district court's grant of summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action. We review de novo, Tedder v. Odel, 890 F.2d 210, 211 (9th Cir.1989), and we affirm.
 
 
 3
 Hale brought this section 1983 action against the California Board of Prison Terms and Paroles and several of its members. Hale alleged that the defendants violated his constitutional rights by failing to set a new parole release date for him after his previously determined parole release date was rescinded, and he sought damages and injunctive relief.[1]
 
 
 4
 The district court correctly granted the defendants' motion for summary judgment because there are no genuine issues of material fact, and the defendants are entitled to judgment as a matter of law. Parole board members are absolutely immune from liability for damages, based on their quasi-judicial status, for their decisions whether to release a prisoner on parole. See Anderson v. Boyd, 714 F.2d 906, 908-09 (9th Cir.1983) (citing Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir.), cert. denied, 454 U.S. 1102 (1981)).[2]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Initially, the district court stayed the action because Hale's request for an injunction requiring the defendants to conduct a parole release hearing and set an immediate release date could not be considered until Hale had exhausted his state remedies. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Young v. Kenny, 907 F.2d 874, 876-77 (9th Cir.1990), cert. denied, 111 S.Ct. 1090 (1991). Hale subsequently received a parole hearing; therefore he withdrew his request for injunctive relief and requested that the district court lift the stay
 
 
 [2]
 Hale's argument that the defendants are not absolutely immune because they failed to comply with the relevant California parole statutes is meritless. Hale's interpretation of the statutes appears to be erroneous, but even if his interpretation were correct, the defendants still would be absolutely immune from liability for damages. See Anderson, 714 F.2d at 908-09