DOUGLAS L. HADSELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hadsell v. Commissioner
Docket No. 2423-93
United States Tax Court
T.C. Memo 1994-198; 1994 Tax Ct. Memo LEXIS 196; 67 T.C.M. (CCH) 2884; T.C.M. (RIA) 94198; May 3, 1994, Filed *196 Decision will be entered under Rule 155. Douglas L. Hadsell, pro se. For Respondent: John C. Meaney. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654
1988
$ 2,162.00
$   526.00
$ 133.98
1989
4,238.00
1,059.50
286.43
1990
3,786.00
946.50
249.05
After concessions by petitioner, [2] the remaining issues for decision are (1) whether evidence of petitioner's felony convictions for rape and sodomy is admissible for the purpose of attacking petitioner's credibility as a witness; (2) whether our lack of enforcement of subpoenas served by petitioner on potential *197 witnesses on the grounds that such subpoenas were invalid because no mileage or witness fees were paid at the time of service deprived petitioner of a fair trial; (3) whether petitioner is entitled to deductions for expenses incurred while working as a deckhand on a commercial fishing boat; (4) whether petitioner is entitled to deductions for expenses related to rental real property; (5) whether petitioner is entitled to casualty losses for stolen personal property or a boat that was destroyed; (6) whether petitioner is entitled to have his tax liability calculated on basis of married, filing jointly status for taxable year 1990; (7) whether petitioner is liable for the additions to tax under section 6651(a)(1) for failing to file income tax returns for the years at issue; and (8) whether petitioner is liable for the additions to tax under section 6654 for failing to pay estimated taxes. *198 Some of the facts were stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided at the Oregon State Penitentiary in Salem, Oregon, when his petition was filed in this case. Procedural Matters
At trial, we reserved our ruling on the admissibility of a certified copy of the Circuit Court of the State of Oregon Judgment of Conviction (Sentencing Judgment) evidencing petitioner's felony convictions in 1992 for rape and sodomy, which was offered by respondent for the purpose of attacking petitioner's credibility. Petitioner objected to such evidence on the grounds that the convictions are irrelevant to his tax liabilities in the years before the Court. We hold that such evidence is admissible under rule 609(a)(1) of the Federal Rules of Evidence for the purpose of attacking petitioner's credibility as a witness, but have accorded little weight to this evidence. Prior to trial, petitioner had served a subpoena by mail upon Detective Mike Menzies (Det. Menzies), an employee of the Newport, Oregon Police Department, commanding Det. Menzies appearance at trial, and that he bring with him: Two *199 (2) cardboard boxes with Miscelanous (sic) Papers that you seized and described in Your Return to Search Warrant dated January 9th, 1992. And each and every item made from paper and/or paper products, including Reciepts (sic), photocopies, envelopes, photographs, Letters, Correspondences, Tax Papers, Books, Magazines, Folders, and all other things that you siezed (sic) made of paper or paper products.
Rule 147(c) provides that service of a subpoena shall be made by delivering a copy to the person named therein "and by tendering to such person the fees for one day's attendance and the mileage allowed by law." Rule 148(a) provides that any witness summoned to a hearing or trial shall receive the same fees and mileage as witnesses in the United States District Courts. In addition to Det. Menzies, petitioner had subpoenas mailed to Zong Gan Yu Hadsell and her aunt, Lai Fong Lee. No fees or mileage were tendered with any of the subpoenas and none of the individuals named in the subpoenas appeared at trial. Petitioner testified that the documentary evidence necessary to establish his entitlement to deductible expenses incurred in his fishing and rental activities is among the materials *200 listed in the subpoena to Det. Menzies. He contends that failure to enforce the subpoenas, despite the fact that no fees were tendered at the time of service, violates his constitutional right to a fair trial. Petitioner argues that such fees should be waived in his case because he is indigent and is prevented from earning money by his incarceration. The Ninth Circuit Court of Appeals has held that the Federal Rules of Civil Procedure requirement that witness fees be tendered with service of a subpoena is not waived due to indigency of the party summoning the witness. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). We also have held that civil litigants such as petitioner before this Court enjoy no constitutional right to have the Federal Government pay their litigation expenses, and that the party who summons a witness is responsible for paying the fees and mileage to which the witness is entitled under Rules 147 and 148(c). Olympic Shipping Lines, Inc. v. Commissioner, T.C. Memo. 1991-623; Gillan v. Commissioner, T.C. Memo. 1988-321. Accordingly, we conclude that petitioner's constitutional *201 rights have not been denied because the subpoenas were not enforced. Substantive Issues
Petitioner worked as a deckhand on commercial fishing boats off the coasts of Oregon, Washington, and Alaska during the years 1988 through, and including, 1990. He stipulated that he earned $ 9,432.04, $ 16,566.45, and $ 13,690.94 from his fishing activity during 1988, 1989, and 1990, respectively. Petitioner worked as an independent contractor on the boats, and contends that he incurred expenses in the course of that activity for work gloves, rain gear, rain boots with nonskid soles, and an inflatable life vest. Petitioner offered no receipts or other documentary evidence of these expenses, and testified that his written evidence of these expenses was in the possession of Det. Menzies. Petitioner told the Court that his rain gear cost $ 95, or $ 100 for both tops and bottoms, and that his boots cost approximately $ 50 per pair. He estimated the cost of the inflatable vest was $ 125, but could not recall the year in which it was purchased. He also testified that he purchased new inner and outer gloves at a combined cost of $ 6 for each day of work. The gloves were replaced on a daily *202 basis because they became torn in the course of the job, exposing petitioner's hands to hazardous chemicals. The rain gear was also replaced frequently due to wear and tear. Petitioner's testimony is not clear concerning the exact number of sets of rain gear, boots, and gloves he purchased in each year, but we accept his testimony that he incurred some costs for such items as ordinary and necessary expenditures in the course of his fishing activity. Under certain circumstances, where a taxpayer has no records to substantiate claimed deductions, we are permitted to estimate expenses when we are convinced from the record that the taxpayer has incurred such expenses. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Accordingly, we find that petitioner is entitled to deduct as business expenses attributable to his fishing activity, the amount of $ 750 in each taxable year before the Court. Petitioner purchased a house in 1989 and used the property for storage of tools and materials. He told the Court that he also rented the property to a homeless family as a residence for approximately 6 months, but received only $ 35 in rental payments. When the *203 tenants vacated the property, they apparently sold all of petitioner's tools and other items he had stored on the premises. Petitioner sold the house in 1991. Petitioner contends that he had deductible expenses with respect to the rental property and a casualty loss for the items sold by the tenants. However, his testimony concerning the amounts involved and the years events occurred with respect to the house and tools was vague and unsupported. On this record, we have no basis for allowing petitioner expense deductions with respect to the house or a casualty loss for personal property. Similarly, petitioner testified concerning a boat he purchased in 1986 or 1987 that was destroyed in 1992. Any casualty loss deduction to which petitioner might be entitled with respect to the boat would not be allowable in any of the years at issue in this case. Respondent determined deficiencies for petitioner for each year based upon filing status of single. Petitioner argues that he is entitled to have his tax liability calculated on the basis of married, filing jointly for 1990. Petitioner was not married in 1988 and 1989, but was married twice in 1990. He was divorced from his first *204 wife on November 12, 1990. Petitioner married [3] Zong Gan Yu Hadsell in China on November 11, 1990, but she did not come to the United States until 1991. Section 6013(a)(1) provides that no joint return shall be made if either the husband or wife at any time during the taxable year is a nonresident alien. According to petitioner's testimony, Zong Gan Yu Hadsell did not reside in the United States in 1990. Further, petitioner acknowledged that she did not execute a joint income tax return for 1990. Petitioner is not entitled to married, filing jointly status for 1990. Accordingly, respondent's determination on this issue is sustained. *205 Petitioner testified that returns were prepared for him by an accountant for each of the years 1988, 1989, and 1990, and all three returns were filed sometime in 1991. He offered no other evidence that returns were filed for any of the years. Respondent has no record of returns having been filed by petitioner for these years, and determined that petitioner is liable for additions to tax for failure to timely file returns under section 6651(a)(1). Section 6651(a)(1) provides for an addition to tax in the amount of 5 percent of the amount of the tax if the failure to file is for not more than 1 month, with an additional 5 percent for each month in which the failure to file continues to a maximum of 25 percent of the tax in the aggregate. The addition to tax is applicable unless it is shown that the failure to file is due to reasonable cause and not due to willful neglect. Petitioner's testimony establishes that his 1988 and 1989 returns were filed late, if at all, and his testimony concerning the date of filing of the 1990 return is vague. Petitioner has not shown that the failure to file was due to reasonable cause. On this record, we sustain respondent's determination on this *206 issue. Respondent determined additions to tax under section 6654(a) for underpayment of estimated tax for each of the 3 years. Generally, section 6654(a) imposes an addition to tax where prepayments of tax, either through withholding or estimated quarterly tax payments during the course of the year, do not equal the percentage of total liability required under the statute. Petitioner received unemployment compensation and compensation as an independent contractor, but made no estimated tax payments in any of the years before us. He has not shown that any of the exceptions to the requirement to pay estimated tax found in section 6654(e) apply. Therefore, he is liable for the addition to tax provided by section 6654(a) for tax years 1988, 1989, and 1990. Decision will be entered under Rule 155. Footnotes
1. Section references are to the Internal Revenue Code in effect for the years at issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At trial, petitioner conceded that he received unemployment compensation, wages, and compensation as an independent contractor in at least the amounts determined by respondent. We therefore deem the gross income and self-employment tax issues to be conceded by petitioner. Petitioner testified that he received income in excess of that reported on the Form W-2 filed by Lai Fong Inn and determined by respondent. We granted respondent permission to amend her answer to assert an increased deficiency based upon the evidence adduced at trial, but she declined to do so.↩
3. Petitioner stated that he was married to Zong Gan Yu Hadsell at the end of 1990, but also indicated that he was not sure that the marriage was valid because he was not yet divorced from his first wife on the date he married the second one, and he received money in exchange for entering into the marriage, a fact which he believed would invalidate the marriage under Chinese law.↩