Daniel Allen SANDERSON, Plaintiff–Appellant,

v.

Michael L. FRIEDMAN; et al., Defendants–Appellees.

No. 01–15156.

D.C. No. CV–99–02867–TEH.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001.*

Decided Nov. 15, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Sanderson's request for oral argument is denied.

Before KLEINFELD, McKEOWN, and FISHER, Circuit Judges.

MEMORANDUM **

Daniel Allen Sanderson, a California state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials acted with deliberate indifference to his medical needs and denied him due process when they prescribed medication for tuberculosis without his written consent. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both summary judgment, *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998), and dismissal, *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). We review the district court's discovery ruling for an abuse of discretion. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir.1999). Because the district court did not expressly rule on Sanderson's request for appointment of a medical expert, we review his motion de novo. *Cf. Byrd v. Guess*, 137 F.3d 1126, 1135 (9th Cir.1998). We affirm.

We conclude that Sanderson failed to raise a genuine issue of material fact as to whether any defendant acted with deliberate indifference to Sanderson's medical

needs. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

We also conclude that the district court did not err in dismissing defendants Terhune and Lindsay because Sanderson failed to allege that these supervisory defendants personally participated in, or knew of, the alleged constitutional violations. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

We further conclude that Sanderson failed to raise a genuine issue of material fact as to whether he had a state-created liberty interest in the right to counseling or written consent prior to taking medication prescribed by prison physicians. *See Sandin v. Conner*, 515 U.S. 472, 477–87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (stating requirement that plaintiff identify a state statute or regulation which narrowly restricts prison officials' ability to impose deprivation); Cal.Code Regs. tit. 15, § 3351 (1991).

Because this case does not present exceptional circumstances, we deny Sanderson's request for appointment of counsel. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

The district court did not abuse its discretion in granting defendants' request to stay discovery pending the outcome of the summary judgment motion because Sanderson "failed to show the existence of additional essential and discoverable evidence." *Cf. id.* at 1018.

The district court did not abuse its discretion in failing to appoint a medical expert witness at state expense. *Cf. Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir.1989) (finding no statutory authority allowing district courts to waive, in in forma pauperis actions, the payment of witness fees

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

required for Fed.R.Civ.P. 45(c) subpoenas).

**AFFIRMED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.