**Arthur Duane JACKSON,**
**Plaintiff—Appellant,**

v.

**J.P. GONZALEZ, Associate Warden;**
**et al., Defendants—Appellees.**

**No. 08–55774.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2009.*

Filed June 9, 2009.

Arthur Duane Jackson, Soledad, CA, pro se.

Terrence F. Sheehy, Esquire, Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, GOULD, and BEA, Circuit Judges.

### ORDER

The memorandum disposition filed on April 28, 2009, is withdrawn. A replacement memorandum disposition will be filed concurrently with this order.

Jackson's petition for panel rehearing is denied as moot.

Appellees may file a petition for rehearing within 14 days of the issuance of the replacement memorandum disposition.

### MEMORANDUM **

Arthur Duane Jackson, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants violated his right to access the courts by denying him access to two boxes of legal materials. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's order granting summary judgment. *Midwater Trawlers Coop. v. Dep't of Commerce*, 393 F.3d 994, 1002 (9th Cir.2004). We affirm in part, vacate in part, and remand.

Jackson presented evidence that defendants denied him *any* access to one box of legal materials, thereby preventing him from challenging his conviction and sentence in state court. The district court's order granting summary judgment did not address this claimed injury. We therefore vacate in part summary judgment and remand for further proceedings on this issue.

■ We otherwise affirm summary judgment. Defendants' initial delay in providing Jackson access to both boxes of legal materials was "not of constitutional significance" because it was the "product of prison regulations reasonably related to

legitimate penological interests." *Lewis v. Casey*, 518 U.S. 343, 362, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Further, defendants' policy preventing Jackson from keeping more than one box of legal materials in his cell at one time fails because this policy, standing alone, could not have caused actual injury. *See id.* at 348–49, 116 S.Ct. 2174 (explaining that "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim") (citation and internal quotation marks omitted).

The district court did not abuse its discretion by denying Jackson's motion for appointment of counsel because he did not demonstrate any "exceptional circumstances" in this case. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

■ The district court did not abuse its discretion by denying Jackson's request that the court finance his deposition costs because, "[a]lthough the plain language of section 1915 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses." *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir.1989) (per curiam).

The district court did not abuse its discretion by denying Jackson's request for Rule 11 sanctions because the court found no improper conduct on the part of defendants, and that finding is not "clearly erroneous." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir.2002).

Jackson's remaining contentions are unpersuasive.

Each party shall bear its own costs on appeal.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

AFFIRMED in part, VACATED in part, and REMANDED.

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.