**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUL 1 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVE MICHAEL COX, | No. 10-15507 |
| Plaintiff - Appellant, | D.C. No. 3:03-cv-00651-VPC |
| v. | |
| RICHARD FAGLE; TONY JONES, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Valerie P. Cooke, Magistrate Judge, Presiding**

Submitted June 15, 2011***

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Steve Michael Cox, a Nevada state prisoner, appeals pro se from the district

court's judgment following a jury trial in his 42 U.S.C. § 1983 action alleging that

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The parties consented to proceed before a magistrate judge.  *See* 28
U.S.C. § 636(c).

\*\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

defendants violated his due process rights.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of desertion a district court's evidentiary rulings. *United States v. Tran*, 568 F.3d 1156, 1162 (9th Cir. 2009).  We affirm.

The district court did not abuse its discretion by excluding Cox's exhibits because they were irrelevant and contained hearsay.  *See* Fed. R. Evid. 401, 402, 802.  Cox has waived any argument that the district court abused its discretion by admitting defendants' exhibits because Cox does not explain on appeal why the exhibits should have been excluded and did not object to them before the district court.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam) (we do not consider matters not distinctly argued in the opening brief); *Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1066 (9th Cir. 1996) ("By failing to object to evidence at trial and request a ruling on such an objection, a party waives the right to raise admissibility issues on appeal.").

Contrary to Cox's contention, the district court did not abuse its discretion with respect to nonparty witness Daniel Kalisz because Cox did not properly request a subpoena.  *See* Fed. R. Civ. P. 45; *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (28 U.S.C. § 1915 does not entitle a plaintiff proceeding in forma pauperis to a waiver of witness fees for subpoenas).

10-15507

Cox's remaining contentions are unpersuasive.

**AFFIRMED.**