**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER L. COLE, | No. 09-16337 |
| Plaintiff - Appellant, | D.C. No. 2:04-CV-02735-MCE-EFB |
| v. | |
| SWOOP, Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

California state prisoner Walter L. Cole appeals pro se from the district

court's judgment as a matter of law in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his medical needs.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008), and we affirm.

The district court properly granted judgment as a matter of law because, based on the evidence presented at trial, no reasonable juror could find that appellees were deliberately indifferent to Cole's knee and asthma conditions. *See id.* (judgment as a matter of law is proper "'if no reasonable juror could find in the non-moving party's favor'" (citation omitted)); *Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) (deliberate indifference is a "high legal standard" and prison officials act with deliberate indifference only if they know of and disregard an excessive risk to the prisoner's health and safety); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.").

The district court did not abuse its discretion in denying Cole's motions for appointment of counsel because Cole failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

The district court did not abuse its discretion in denying Cole's request to

appoint an expert witness on his behalf because Cole failed to show that it was necessary. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (setting forth standard of review and noting that district court has discretion to appoint an expert under Fed. R. Evid. 706(a)); *see also Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) (per curiam) (in forma pauperis statute, 28 U.S.C. § 1915, does not authorize waiver of fees or expenses for an indigent's witnesses).

Cole's remaining contentions, including those regarding appellees' motions in limine, are unpersuasive.

**AFFIRMED.**