**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVAN LEE MATTHEWS, | No. 15-17484 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-02760-JD |
| v. | |
| S. PUCKETT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted November 16, 2016[**]

Before:     LEAVY, BERZON, and MURGUIA, Circuit Judges.

Ivan Lee Matthews, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to safety, excessive force, and retaliation.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo.  *Lemire v. Cal. Dep't of Corr. & Rehab.*,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

726 F.3d 1062, 1074 (9th Cir. 2013) (summary judgment); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim). We affirm.

The district court properly granted summary judgment on Matthews' deliberate indifference claim because Matthews failed to raise a genuine dispute of material fact as to whether defendants Black, Urena, and Bonilla knew of and disregarded an excessive risk to Matthews' safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official must know of and disregard an excessive risk to inmate safety to violate the Eighth Amendment).

The district court properly granted summary judgment on Matthews' excessive force claim because Matthews failed to raise a genuine dispute of material fact as to whether defendants Urena and Bonilla used force "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

The district court properly granted summary judgment on Matthews' First Amendment retaliation claim because Matthews failed to raise a genuine dispute of material fact as to whether defendants Black, Urena, and Bonilla took an adverse action against Matthews because of his protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004) (setting forth elements of a retaliation claim in the prison context).

15-17484

The district court properly dismissed Matthews' claims against defendant Puckett because Matthews failed to state a plausible claim for deliberate indifference or retaliation. *See Farmer*, 511 U.S. at 834, 837; *Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Rhodes*, 408 F.3d at 567-68.

The district court did not abuse its discretion by denying Matthews' motions to appoint counsel because Matthews did not demonstrate any exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of exceptional circumstances for appointment of counsel).

The district court did not abuse its discretion by denying Matthews' request for an additional copy of his deposition transcript because Matthews must bear his own discovery costs. *See Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998) (standard of review); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (expenditure of public funds on indigent litigants' discovery fees not authorized by Congress); *see also* Fed. R. Civ. P. 30(f)(3) (copy of deposition available to party or deponent only when reasonable charges paid).

We do not consider documents, facts, or issues that were not before the

district court. *See Andersen v. Cumming*, 827 F.2d 1303, 1305 (9th Cir. 1987).

Matthews' motion for appointment of counsel, filed on July 5, 2016, is denied.

**AFFIRMED.**