**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICHOLAS GARCIA, | No. 15-35557 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-00349-TOR |
| v. | |
| SPOKANE COUNTY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Submitted December 14, 2018[**]

Before:    TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Nicholas Garcia appeals pro se from the district court's judgment following a jury verdict against Garcia in his 42 U.S.C. § 1983 action alleging constitutional violations during Garcia's confinement as a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment in favor of defendants Spokane County, Ozzie Knezovich, and John McGrath on Garcia's Fourth Amendment claims because Garcia failed to raise a genuine dispute of material fact as to (1) whether any constitutional deprivations resulted from an official county custom or policy, (2) whether Knezovich and McGrath were personally involved in any constitutional violation, or (3) whether there was a causal connection between Knezovich's and McGrath's conduct and any such violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978) (requirements for municipal liability); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (requirements for supervisory liability); *see also Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (party opposing summary judgment must present "significant probative evidence tending to support its claim that material, triable issues of fact remain" (citations and internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing a juror after thoroughly questioning the juror on the record and, based on the juror's answers and demeanor, concluding that the juror was unable to be impartial or follow the court's instructions. *See* Fed. R. Civ. P. 47(c) ("[A] court may excuse a juror for good cause" during trial); *Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1220–21 (9th Cir. 1997) (setting forth standard of review and noting that the trial judge, who observed juror's demeanor and credibility, is best suited to

15-35557

determine juror's impartiality).

The district court did not abuse its discretion by declining to enforce Garcia's subpoenas because, among other defects, Garcia failed to properly serve the witnesses or pay the required fees. *See* Fed. R. Civ. P. 45(b)(1); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) ("Fees must be tendered concurrently with the subpoena."); *see also Mabe v. San Bernardino Cty., Dept. of Pub. Soc. Serv.*, 237 F.3d 1101, 1112 (9th Cir. 2001) (standard of review).

We reject as unsupported by the record Garcia's contention that the district court prohibited Garcia from introducing his medical records into evidence at trial because of his failure to comply with discovery requests. The court excluded these records not because of Garcia's discovery delays, but because of a complete failure on his part to authenticate the records by calling a witness to establish that the records were what they claimed to be, as required by Fed. R. Evid. 901(a), (b)(1). The court's ruling was correct.

We reject as unsupported by the record Garcia's contentions that (1) the district court or unidentified individuals tampered with evidence during the trial, and (2) that the district court provided the jury with inaccurate jury instructions.

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We deny Garcia's renewed motion to have his appeal heard by the panel that originally heard the matter in his first appeal (Docket Entry No. 52).

**AFFIRMED.**