**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICK ALLEN HAZELTINE,

         Plaintiff-Appellant,

    v.

IAN YOUNG; JULIUS OLDAN;
PORFIRIO SANCHEZ NEGRETE;
DAVID AVILIA; CHARLES HO;
RICKEY SMITH,

         Defendants-Appellees.

No.   18-16565

D.C. No.
1:14-cv-00056-DAD-GSA

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted February 11, 2020 [**]

Before: LEAVY, TROTT, and SILVERMAN, Circuit Judges,

Rick Hazeltine, a pro se civil detainee, appeals following a jury verdict in

favor of the defendants in his civil rights action, which alleged that the defendants

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

used excessive force against him during a room search. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion and affirm.

The district court did not abuse its discretion by requiring that Hazeltine seek discovery from the defendants before the court would issue subpoenas or by denying the subsequent discovery and reconsideration motions after defendants obtained and provided the relevant evidence to Hazeltine. The record shows that Hazeltine received the evidence that was relevant to his claim, including the video recording of the incident and the audio tapes of the witness statements. The district court had "wide latitude in controlling discovery." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) (internal quotation marks omitted). For the same reasons, the district court acted within its discretion by denying the motion for new trial.

The district court acted within its discretion when it overruled Hazeltine's objection to the substitution of defense counsel and denied Hazeltine's motion to declare that defense counsel had a conflict of interest. The district court has discretion in "supervising the conduct of attorneys who appear before it." *Erickson v. Newmar Corp.*, 87 F.3d 298, 300 (9th Cir. 1996). The record does not contain evidence of a conflict of interest or improper substitution of defense counsel. Nor did the district court abuse its discretion by allowing the hospital's attorney to sit at

2

the defense counsel table during trial. The district court had "wide latitude in conducting" the trial. *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016).

The district court did not abuse its discretion by denying Hazeltine's requests for appointment of counsel. It properly considered whether exceptional circumstances existed in light of the likelihood of success on the merits, the complexity of the case, and Hazeltine's ability to litigate his claim. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth the exceptional circumstances standard). For the same reasons, the district court acted within its discretion when it denied the motion for new trial. Nor could Hazeltine's disagreement with the magistrate judge's rulings establish bias. *United States v. Sutcliffe*, 505 F.3d 944, 958 (9th Cir. 2007).

To the extent that Hazeltine argues that the district court should have waived witness and mileage fees, 28 U.S.C. § 1915 does not permit a district court to waive witness fees for subpoenas for plaintiffs who are proceeding in forma pauperis. *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989).

**AFFIRMED.**