**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DETRICE GARMON,

              Plaintiff-Appellant,

v.

COUNTY OF LOS ANGELES; LOS
ANGELES COUNTY DISTRICT
ATTORNEY; STEVE COOLEY,
individually and in his official capacity;
MICHELLE HANISEE, Deputy DA,
individually and in her official capacity;
KAISER PERMANENTE; DOES, 1
through 100, inclusive,

              Defendants-Appellees.

No.   18-55405

D.C. No.
2:10-cv-06609-SJO-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted February 6, 2023[**]

Before:  WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Detrice Garmon appeals from the judgment entered in favor of the defendants in her civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

The district court did not abuse its discretion in its handling of Garmon's deposition. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth the standard of review for discovery orders). It ordered Garmon to review her transcript and make changes. Garmon has not identified any inaccurate statements in her deposition or explained why she did not correct the transcript when given an opportunity. The district court also sealed Garmon's deposition transcript to protect her privacy in the attached records and testimony. Nor was Garmon entitled to a free copy of her deposition transcript. *See Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) (per curiam) ("the expenditure of public funds" for indigent litigants "is proper only when authorized by Congress") (internal quotation marks omitted); Fed. R. Civ. P. 30(f)(3) ("[w]hen paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent").

To the extent Garmon argues that she should have been allowed more discovery, before or after she fired her attorney, she has not established "actual and

substantial prejudice" from the denial of any specific discovery. *See Hallett*, 296 F.3d at 751 (setting forth the standard).

We decline to consider Garmon's argument that the district court should have entered default judgment against Kaiser. Garmon did not object when the Clerk of Court filed Kaiser's answer in 2011 or raise the issue in her previous appeal. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010) (holding that issues never argued before the district court have been waived); *In re Cellular 101, Inc.*, 539 F.3d 1150, 1155 (9th Cir. 2008) (holding that "we need not and do not consider a new contention that could have been but was not raised on the prior appeal") (internal quotation marks omitted). Garmon has waived any challenge to the summary judgment in favor of defendants Hanisee and Kaiser and the dismissal of her claims against the remaining county defendants. *First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1274 (9th Cir. 2017) (holding that claims dismissed with leave to amend and not repled have been waived); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (holding that issues listed, but not discussed in the body of the opening brief, have been waived).

Garmon's sixth motion for extension of time to file a reply brief (Dkt. Entry No. 88) is DENIED.

**AFFIRMED.**