NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMAS WEBSTER,

Plaintiff-Appellant,

v.

NATALIE HASKINS, Director, Haskins
House State Wide Transitional Re-Entry
Program,

Defendant-Appellee,

No.   22-15545

D.C. No. 1:18-cv-01640-BAM

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Submitted November 3, 2023**

Before:  O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Thomas Webster, a civil detainee of the California Department of State

Hospitals, appeals pro se from the district court's grant of summary judgment in

his 42 U.S.C. § 1983 action against Natalie Haskins alleging constitutionally

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

inadequate medical care. We affirm.

To show a constitutional violation, Webster must demonstrate that Haskins acted with "objective deliberate indifference." *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Webster contends that Haskins's actions resulted in a delay in the delivery of his pramipexole prescription for restless leg syndrome and sleep aid, thus causing him injury. The district court properly granted summary judgment to Haskins because Webster failed to establish that Haskins acted with deliberate indifference or that his injury was a reasonably foreseeable result of any delay in the receipt of this prescription. *Russell v. Lumitap*, 31 F.4th 729, 739 (9th Cir. 2022) (explaining the objective deliberate indifference standard).

Following the district court's screening of his complaint pursuant to 28 U.S.C. § 1915(e)(2), Webster elected to proceed only against Haskins for alleged violation of the Fourteenth Amendment for inadequate medical care, and he voluntarily dismissed all other defendants and all other claims. Accordingly, we decline to consider Webster's waived claims against other persons concerning other conditions of his confinement. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (dismissed claims that are not repled are waived).

The district court did not abuse its discretion by denying Webster's motion to appoint an expert witness on his behalf because Webster must bear his own

witness and discovery costs. *See Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (expenditure of public funds on indigent litigants' discovery fees not authorized by Congress).

Webster's motion for leave to declare fraud on the court and relief from judgment is denied.

**AFFIRMED.**