NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAVON LOVOWE RAMSEY,

Plaintiff - Appellant,

v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION; CALIFORNIA
HEALTH CARE FACILITY
STOCKTON; KARIM RASHEED,
Doctor; R. SINGH, Doctor; S. GATES,
Chief, Health Care Appeals Branch,

Defendants - Appellees.

No. 23-2465

D.C. No.
2:20-cv-02544-DAD-JDP

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted April 10, 2025
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

Ravon Ramsey appeals the district court's grant of summary judgment in

favor of defendants Dr. Karim Rasheed, Dr. Rachandeep Singh, and Sarah Gates.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.     We review a denial of a motion to appoint an expert under Federal Rule of Evidence 706 for abuse of discretion. *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). A district court abuses its discretion when it denies a motion on grounds that are "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

The district court reasonably interpreted Ramsey's letter as a motion to appoint an expert witness on his behalf and waive the expert's fees and expenses. But Rule 706 only permits the district court to appoint a neutral expert witness, not an expert witness for one party. *See* Fed. R. Evid. 706(a); *Walker*, 180 F.3d at 1071. And pro se plaintiffs proceeding in forma pauperis are not exempt from paying their witness's fees and expenses. *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989). The district court could not appoint a free expert witness on Ramsey's behalf and thus it did not abuse its discretion.

2.     We review a grant of summary judgment de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). "Viewing the evidence in the light most favorable to" Ramsey, "we 'must determine whether there are any genuine issues of material fact'" regarding his Eighth Amendment claim. *Id.* (quoting *Leever v. Carson City*, 360 F.3d 1014, 1017 (9th Cir. 2004)).

Ramsey presents no evidence that Dr. Rasheed was deliberately indifferent by scheduling surgery four days after Ramsey's injury. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Dr. Rasheed believed that Ramsey's prognosis was poor and his vision was unrestorable, and thus repair surgery was purely cosmetic and did not need to occur immediately. Ramsey presents no evidence to dispute Dr. Rasheed's subjective belief that delaying surgery would not cause Ramsey any harm. *Id.* Indeed, Dr. Rasheed referred Ramsey to a retinal specialist only "to exhaust every last hope," not because he believed Ramsey's vision could be restored. Similarly, that Dr. Judy Chen may have successfully restored some vision in Ramsey's eye, and her opinion that the two-month delay in the referral may have harmed Ramsey, does not disprove Dr. Rasheed's earlier belief that Ramsey's prognosis was poor and that there was no risk by scheduling surgery four days later. Thus, Dr. Rasheed was not deliberately indifferent. *See Toguchi*, 391 F.3d at 1060.

Additionally, Ramsey presents no evidence that Dr. Rasheed acted with deliberate indifference by failing to prescribe him pain medication or coordinate a faster referral to a retina specialist. Dr. Rasheed's declaration states that the California Department of Corrections and Rehabilitation ("CDCR") assumed responsibility for prescribing pain medication and coordinating referrals. Because these tasks were not within Dr. Rasheed's "duties, discretion, and means," he was not responsible for their execution, let alone deliberately indifferent for failing to do

them. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Assuming that Ramsey exhausted his claims against Dr. Singh and Gates, he does not present any evidence of their deliberate indifference. "A prison administrator can be liable for deliberate indifference to a prisoner's medical needs if he 'knowingly fails to respond to an inmate's requests for help.'" *Peralta v. Dillard*, 744 F.3d 1076, 1085–86 (9th Cir. 2014) (quoting *Jett*, 439 F.3d at 1098) (cleaned up). But Dr. Singh and Gates did not knowingly fail to respond to Ramsey's requests for help because they believed he was already receiving care from Dr. Chen and CDCR physicians. Ramsey presents no evidence that a personal examination would have altered Dr. Singh's decision. Nor does he present any evidence that Dr. Singh and Gates denied his grievances for non-medical reasons. That the denials included a general disclaimer about COVID delays does not contradict the specific medical reasoning Dr. Singh and Gates provided for denying the grievances.

**AFFIRMED.**

23-2465